# **<u>EXHIBIT E</u>**

RECORDING REQUESTED BY &
WHEN RECORDED RETURN TO:

BWAB Limited Liability Company
475 17th Street
Suite 1600
Denver, Colorado 80202-4026

95-004156          : Rec Fee     26.00
                   : AU2          2.00
     Recorded      : Check       28.00
Official Records   :
   County of       :
 Santa Barbara     :
Kenneth A Pettit   :
   Recorder        :
8:02am 25-Jan-95   :   PUBL    BF    8

## ASSIGNMENT OF OVERRIDING ROYALTY

THIS ASSIGNMENT made and entered into this _16_ day of December, 1994, between **WHITING PETROLEUM CORPORATION**, a Delaware corporation, whose address is 1700 Broadway, Suite 2300, Denver, Colorado 80290-2301 ("Whiting"), and **BWAB LIMITED LIABILITY COMPANY**, a Colorado limited liability company, whose address is 475 Seventeenth Street, Denver, Colorado 80202 ("BWAB"):

### RECITALS

A.    Whiting, as Buyer, has entered into a certain Asset Purchase and Sale Agreement with Union Pacific Resources Company ("UPRC"), as Seller, dated October 6, 1994, as supplemented by a letter agreement dated October 6, 1994, and amended by an Amendment to Asset Purchase and Sale Agreement dated November 4, 1994 (as supplemented and amended, the "UPRC Agreement"). In the UPRC Agreement, UPRC agreed to sell and Whiting agreed to buy certain producing, non-producing, and undeveloped oil and gas properties, including the Leases, Wells, and Units which are described on Exhibit A attached hereto and made a part hereof. The Leases, Wells, and Units described on Exhibit A are referred to herein as the "Subject Properties."

B.    The conveyances and assignments of interests from UPRC and Whiting contemplated by the UPRC Agreement are effective as between those parties as of 7:00 a.m. local time with respect to such interests on January 1, 1994 (the "Effective Date").

C.    Whiting and BWAB Incorporated entered into a certain Letter Agreement dated July 28, 1994, and amendments to Sections 2(iv), 8, and 2(iii) thereto (the "Letter Agreement"), in anticipation of the transactions contemplated by the UPRC Agreement. BWAB has succeeded to the interests of BWAB Incorporated under the Letter Agreement. The Letter Agreement gives BWAB certain alternative means of participation in the properties which are the subject of the UPRC Agreement. BWAB has elected to acquire a 3.5 percent overriding royalty interest, subject to certain third party costs, in the net revenue interests attributable to the Subject Properties as provided herein.

NOW, THEREFORE, for Ten Dollars and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Whiting and BWAB agree as follows:

012\67806.5



1.   <u>Assignment of Interest</u>.  Whiting does hereby grant, convey, assign, set over and deliver to BWAB an overriding royalty consisting of an undivided Three and One-Half Percent (3.5%) interest in Whiting's Net Revenue Interest from the Subject Properties, to be determined as set forth below.  As used herein, the term "Net Revenues" to the BWAB Interest shall mean the difference between (A) the gross revenues received by Whiting from the sale of its fractional or percentage share of Hydrocarbons from the Subject Properties, after the deduction of all lessors royalties, overriding royalties, and other burdens and payments out of gross production that burden Whiting's fractional or percentage share, and (B) the sum of Whiting's fractional or percentage share of third party (i) transportation expenses, (ii) treatment and processing expenses, (iii) compression expenses, and (iv) severance taxes, occupation taxes, and other like taxes based on the production of Hydrocarbons.  The deductions set forth in items 1(B)(i), (ii), (iii), and (iv) will not include expenses or tariffs charged by the Point Arguello Pipeline Company (PAPCO), the Point Arguello Natural Gas Line Company (PANGL), Gaviota Gas Plant Company (GGP) or by Whiting or its Affiliates.  As used herein the term "Hydrocarbons" shall mean crude oil, natural gas, casinghead gas, coalbed methane, condensate, helium, sulphur, $SO_2$, $CO_2$, natural gas liquids, and other gaseous and liquid hydrocarbons or any combination thereof.  The interest conveyed and assigned to BWAB in this paragraph 1 is referred to herein as the "BWAB Interest."

2.   <u>Payment</u>.  It is intended that Whiting will receive the full fractional or percentage share acquired by Whiting from CFRC of all net revenues payable by the operator(s) of the Subject Properties and by the purchaser(s) of production from the Subject Properties.  BWAB agrees to execute such division orders, transfer orders, and other agreements and instruments as may reasonably be required by any such operator or purchaser to effect payment of all such revenues to Whiting.

a.   Payment has been made to BWAB for the BWAB Interest with respect to the Subject Properties for the period from the Effective Date through August 31, 1994, concurrently with the execution hereof.  BWAB acknowledges receipt of such payment.

b.   On or before the 15th day of each calendar month commencing January 15, 1995, Whiting shall remit to BWAB, at the address set forth above, BWAB's Interest attributable to the Subject Properties as to revenues received by Whiting prior to the 25th day of the prior calendar month.  (The payment due January 15, 1995, shall cover revenues received by Whiting during the period September 1, 1994, through December 25, 1994.)

c.   Paragraph 2(b) above notwithstanding, BWAB shall have the right to require, where practicable, direct payments to BWAB by the operator(s) or purchaser(s) if (i) David A. Frawley is no longer the President of Whiting, or (ii) Whiting

012\67806 5                                    2



is late in making payments to BWAB under Paragraph 2(b) for three consecutive months.

3.   Inspection.  BWAB and its authorized employees, agents and consultants shall have the right, at BWAB's cost and expense, during normal office hours and on reasonable notice, to inspect, audit and copy all records of Whiting relating to the Subject Properties and the determination of Net Revenues attributable thereto.

4.   Preferential Right of Purchase.  Whiting shall have a preferential right of purchase as to the BWAB Interest, or any portion thereof, which preferential right of purchase shall apply to all the transfers, assignments or conveyances by BWAB other than transfers, assignments or conveyances to a BWAB Affiliate.  If at any time, BWAB shall receive a bona fide offer from a third party to purchase the BWAB interest, or any part thereof, which offer BWAB desires to accept, BWAB shall promptly deliver a full and complete copy of such offer to Whiting.  Whiting may, at any time, within five (5) business days following receipt of such offer, elect to purchase the BWAB Interest, or such portion thereof, on the same terms and conditions as set forth in such offer.  If Whiting does not elect to purchase the BWAB Interest, or such portion thereof, within the specified period, BWAB shall be free for a period of sixty (60) days thereafter to accept the third-party offer.  BWAB shall simultaneously provide Whiting with a copy of any offer made by BWAB to a third party (other than an Affiliate) to sell, transfer, assign, or convey the BWAB Interest, or any part thereof, and Whiting shall have the same preferential right of purchase as if such offer were an acceptable offer made to BWAB by such third party.  If an acceptable third-party offer to BWAB, or an offer by BWAB, shall include property in addition to the BWAB Interest, or any portion thereof, the purchase price for the BWAB Interest, or such portion thereof, shall be that part of the purchase price set forth in such offer which the value of the BWAB Interest, or such portion thereof, shall bear to the value of all of the property subject to such offer.  As used in this paragraph, the term "Affiliate" shall mean a corporation or other entity that controls, is controlled by, or is under common control with BWAB.

5.   Powers Reserved to Whiting.  Whiting reserves to itself both power and right, at its option, to pool or combine the Subject Properties, or any part thereof, with other properties, leases, wells, and units.

6.   Special Warranty of Title.  Whiting warrants title to the BWAB Interest herein conveyed as against all persons claiming by, through or under Whiting, but not otherwise.

7.   Tax Partnership.  Notwithstanding that the rights and liabilities of the parties hereunder shall be several and not joint or collective or that this assignment and all activities hereunder shall not constitute a partnership, the parties agree that this agreement results in a partnership for United States Federal Income Tax purposes.  The

012\67806.5                                    3



parties agree not to elect to be, or have the arrangement evidenced hereby excluded from, the application of all or any part of Sub-chapter K of Chapter 1 of Sub-title A of the Internal Revenue Code of 1986, as amended, or similar provisions of any applicable United States state law. Whiting shall cause annual returns to be prepared with regard to the tax partnership and will provide BWAB with all returns and reports filed by it with the Internal Revenue Service in connection therewith. BWAB shall reimburse Whiting for all costs incurred by it in connection with the preparation and filing of such returns and reports.

8. <u>Further Assurances</u>. Whiting and BWAB agree to execute and deliver such other and additional instruments and documents as may reasonably be required to effectuate the understandings set forth herein.

9. <u>Successors</u>. This agreement shall be binding upon and inure to the benefit of the successors and assigns of the parties hereto.

10. <u>Governing Law</u>. This agreement shall be governed by and construed in accordance with the laws of the State of Colorado.

IN WITNESS WHEREOF, the parties hereto have caused this Assignment to be executed on the date set forth above.

WHITING PETROLEUM CORPORATION,
A Delaware corporation

By _John R. Hazlett_
John R. Hazlett, Vice President - Land

BWAB LIMITED LIABILITY COMPANY,
A Colorado limited liability company

By _Randall C. Roulier_
Randall C. Roulier, Manager

012\67806.5

4

STATE OF COLORADO )
: ss.
COUNTY OF Denver

The foregoing instrument was acknowledged before me this 16th day of December, 1994, by John R. Hazlett, the Vice President, of Whiting Petroleum Corporation, a Delaware corporation.

NOTARY PUBLIC
Residing at:     GLORIA L. VASQUEZ
                 1700 BROADWAY, SUITE 2300
                 DENVER, COLORADO 80290-2301

My Commission Expires:
MARCH 02 1995

STATE OF COLORADO     )
: ss.
COUNTY OF DENVER      )

The foregoing instrument was acknowledged before me this 16th day of December, 1994, by Randall C. Roulier, the Manager of BWAB Limited Liability Company, a Colorado limited liability company.

NOTARY PUBLIC
Residing at:     Judith K. Dayton
                 1700 Broadway, Suite 2300
                 Denver, CO  80290
                 My Commission Expires October 31, 1998

My Commission Expires:
10/31/98

012\67806.5                          5

EXHIBIT "A"
POINT ARGUELLO FIELD
Offshore California

Attached to and made a part of Assignment of Overriding Royalty between WHITING
PETROLEUM CORPORATION, Assignor, and BWAB LIMITED LIABILITY COMPANY,
Assignee, dated this 16th day of December, 1994.


I.

Well Name

OCS P-0452 - No Wells Committed
            to Rocky Point Unit


Lease

    A.   Oil and Gas Lease dated July 1, 1981 from Bureau of Land
    Management to Chevron U.S.A. Inc. and Phillips Petroleum Company,
    bearing Serial No. OCS-P 0452

INSOFAR AND ONLY INSOFAR AS SAID LEASE AND INTEREST COVERS THE
FOLLOWING DESCRIBED LAND:

    Block 466, All that certain portion seaward of the three geographical
    mile line, OCS Official Protraction Diagram NI 10-6, Santa Maria.

Subject to the following:

a.   Unit Operating Agreement dated February 1, 1985 between Chevron, operator
     and  Phillips and Champlin as non-operators covering the Rocky Point Unit;

b.   Unit Agreement dated February 1, 1985 between Chevron, operator and
     Phillips and Champlin as non-operators, covering the Rocky Point Unit;

c.   Letter Agreement dated February 6, 1985 between Chevron, Champlin and
     Phillips amending the Unit Operating Agreement.



II.

Well Name

OCS P-0451 - Well C-7
OCS P-0451 - Well C-8
OCS P-0451 - Well B-7

Lease

    A.  Oil and Gas Lease dated July 1, 1981 from Bureau of Land Management to Chevron U.S.A. Inc. and Phillips Petroleum Company bearing Serial No. OCS-P 0451

INSOFAR AND ONLY INSOFAR AS SAID LEASE AND INTEREST COVERS THE FOLLOWING DESCRIBED LAND:

    Block 465, All that portion seaward of the three geographical mile line, OCS Official Protraction Diagram NI 10-6, Santa Maria.

Subject to the following:

a.    Offset Development Well and Linewell Agreement dated September 12, 1988 between Chevron, Phillips and Union Pacific Corp.;

b.    Unit Operating Agreement dated February 1, 1985 between Chevron, operator and Phillips and Champlin, as non-operators, covering the Rocky Point Unit;

c.    Unit Agreement dated February 1, 1985 between Chevron, Phillips and Champlin covering the Rocky Point Unit;

d.    Letter Agreement dated February 6, 1985 between Chevron, Champlin and Phillips amending the Unit Operating Agreement of Rocky Point Unit.



III.

<u>Well Name</u>

**OCS P-0316**
**Wells B-1, B-2, B-3, B-4, B-5, B-6,**
**B-8, B-9, B-10, B-11, B-12, B-13**

Hermosa Platform

<u>Lease</u>

      A.  Oil and Gas Lease dated September 1, 1979 from Bureau of Land Management to Chevron U.S.A. Inc., Phillips Petroleum Company, Champlin Petroleum Company and ICI Delaware Inc. bearing Serial No. 003-P 0316

INSOFAR AND ONLY INSOFAR AS SAID LEASE AND INTEREST COVERS THE FOLLOWING DESCRIBED LAND:

      All Block 55N-84W, OCS Leasing Map, Channel Island Area, CAL-Map No. 64.

<u>Subject to the following:</u>

a.    Operating Agreement dated July 1, 1979 between Chevron, operator and Phillips and Champlin as non-operators, covering all of Block 55 N-84W and the Hermosa Platform;

Order: Non-Order Search  Doc: SN:1995 00004156      Page 8 of 8      Created By: Marc Arca   Printed: 11/9/2012 4:18:33 PM PST