**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re:                                                   :       Chapter 11
:
DELTA PETROLUEM, et al.,                                 :       Case No. 11-14006 (KJC)
:
        Debtors.                                         :       Jointly Administered
:
- - - - - - - - - - - - - - - - - - - - - - - - - - x
DELTA PETROLEUM GENERAL                                  :
RECOVERY TRUST, and PAR                                  :
PETROLEUM CORPORATION,                                   :
:       Adv. Pro No. 12-50898 (KJC)
        Plaintiffs,                                      :
v.                                                       :
:
BWAB LIMITED LIABILITY COMPANY,    :
                                                         x
        Defendant, Counterclaimant.

**AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
TO AMENDED COMPLAINT FOR AVOIDANCE AND/OR
DISCHARGE OF INTERESTS, ENFORCEMENT OF BAR DATE
ORDER, AND RECOVERY OF PROPERTY OF THE ESTATE**

        BWAB Limited Liability Company ("Defendant") by and through its attorneys, for its

Amended Answer to the Amended Complaint ("Complaint") in this proceeding, states and

alleges as follows:

**SUMMARY OF ACTION**

        1.      Paragraph 1 of the Complaint contains no factual or legal allegations to which a

response is necessary or required.  Nevertheless, Defendant denies the factual and legal

conclusions contained in Plaintiffs' purported summary of this proceeding.

2.      Paragraph 2 of the Complaint contains no factual or legal allegations to which a response is necessary or required.  Nevertheless, Defendant denies the factual and legal conclusions contained in Plaintiffs' purported summary of this proceeding.

3.      Paragraph 3 of the Complaint contains no factual or legal allegations to which a response is necessary or required.  Nevertheless, Defendant denies the factual and legal conclusions contained in Plaintiffs' purported summary of this proceeding.

4.      Paragraph 4 of the Complaint contains no factual or legal allegations to which a response is necessary or required.  Nevertheless, Defendant denies the factual and legal conclusions contained in Plaintiffs' purported summary of this proceeding.

5.      Paragraph 5 of the Complaint contains no factual or legal allegations to which a response is necessary or required.  Nevertheless, Defendant denies the factual and legal conclusions contained in Plaintiffs' purported summary of this proceeding.

### JURISDICTION AND VENUE

6.      Defendant admits that counts arising in or arising under the Bankruptcy Code are core proceedings.  To the extent that any of the counts are determined to be non-core, Defendant consents to the entry of final judgment by the Bankruptcy Court.  Defendant admits the remaining allegations contained in paragraph 6 of the Complaint.

7.      Defendant admits the allegations contained in paragraph 7 of the Complaint.

8.      Defendant admits the allegations contained in paragraph 8 of the Complaint.

9.      Defendant admits the allegations contained in paragraph 9 of the Complaint.

10.      Defendant admits the allegations contained in paragraph 10 of the Complaint.

2

## PARTIES

11.     Defendant admits the allegations contained in paragraph 11 of the Complaint.

12.     Except for the allegations contained in the last sentence of paragraph 12 of the Complaint, Defendant admits the allegations contained in paragraph 12 of the Complaint. Defendant denies that such Plaintiff is authorized to bring Counts II and III below.

13.     Defendant admits the allegations contained in paragraph 13 of the Complaint.

## FACTUAL BACKGROUND

### A.     The Bankruptcy Cases

14.     Defendant admits the allegations contained in paragraph 14 of the Complaint.

15.     Defendant admits the allegations contained in paragraph 15 of the Complaint.

16.     Defendant admits the allegations contained in paragraph 16 of the Complaint.

17.     Defendant admits that the Bar Date Notice was filed on February 14, 2012, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 17 of the Complaint and the same are therefore deemed denied.

18.     Defendant admits that the Plan and Confirmation Hearing Notice was filed on July 6, 2012, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 18 of the Complaint and the same are therefore deemed denied.

19.     Defendant admits that the Plan and an Amended Disclosure Statement were filed on August 13, 2012, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 19 of the Complaint and the same are therefore deemed denied.

3

20.     Defendant admits the allegations contained in paragraph 20 of the Complaint.

21.     Defendant admits the allegations contained in paragraph 21 of the Complaint.

22.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the Complaint and the same are therefore deemed denied.

23.     Defendant admits that the Effective Date Notice was filed on August 31, 2012, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 23 of the Complaint and the same are therefore deemed denied.

24.     Defendant admits that paragraph 24 of the Complaint contains a partial quotation of some of the language contained in Section 10.1 of the Plan, but denies the remaining allegations contained in such paragraph.

25.     Defendant admits that paragraph 25 of the Complaint contains a quotation from paragraph 15 of the Confirmation Order, but denies all other allegations contained in paragraph 25 of the Complaint.

26.     Defendant admits the allegations contained in paragraph 26 of the Complaint.

27.     Defendant admits the allegations contained in paragraph 27 of the Complaint.

28.     Defendant admits that paragraph 28 of the Complaint contains a partial quotation of the language contained in paragraph 19 of the Confirmation Order, but denies the remaining allegations contained in such paragraph.

**B.      Oil and Gas Leases and Overriding Royalty Interests**

29.     Defendant admits that Delta Petroleum Corporation ("Delta") owned and/or operated natural gas and crude oil producing assets and held leasehold interests (the "Leases") in

4

certain lands that contain oil and gas producing wells. Defendant admits that some of the Leases in which Delta had an ownership interest included certain offshore oil and gas leases on the outer continental shelf of the United States.  Defendant admits that Whiting Petroleum delivered an Assignment and Conveyance dated December 1, 1999 ("NOI Assignment"), of property described as a net operating interest in or relating to some offshore oil and gas properties, a sample copy of which is part of Exhibit C to the Complaint.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 29 of the Complaint and the same are therefore deemed denied.

30.     Defendant admits that Delta and Whiting entered into a purchase agreement ("Purchase Agreement") relating to some or all of the property described in the NOI Assignment that is attached to the Complaint as part of Exhibit A.  Defendant also admits that on or about August 25, 1999, Whiting and Delta entered into an amendment to the Purchase Agreement ("Amendment") which is attached to the Complaint as part of Exhibit B.  Defendant admits that Whiting did not convey legal ownership of the OCS Leases to Delta.  Defendant admits that Whiting conveyed the NOI Assignment to Delta.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 30 of the Complaint and the same are therefore deemed denied.

31.     Defendant admits that Delta received the NOI Assignment pursuant to the Purchase and Agreement dated June 8, 1999 and Amendment dated effective June 8, 1999.  Defendant also admits that the Purchase Agreement and Amendment are described in an SEC form 8-K/A attached to the Complaint as Exhibit B.  Defendant denies the remaining allegations contained in paragraph 31 of the Complaint.

5

32.     Defendant admits that the NOI Assignment was a conveyance of property to Delta, as described therein.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 32 of the Complaint and the same are therefore deemed denied.

33.     Defendant admits that in connection with Delta's acquisition of the NOI Assignment, immediately thereafter Delta executed and delivered to Defendant a 3% overriding royalty interest dated December 1, 1999 ("1999 BWAB ORRI"), a copy of which is attached to the Complaint as Exhibit D.  Defendant denies the remaining allegations contained in paragraph 33 and affirmatively states that the 1999 BWAB ORRI speaks for itself.

34.     Defendant admits that Delta executed and delivered to Defendant the 1999 BWAB ORRI.  Defendant admits that under California law, an overriding royalty interest is an interest in real property.  Defendant also admits that the 1999 BWAB ORRI was conveyed out of the property acquired by Delta from Whiting pursuant to the NOI Assignment.  Defendant denies all other allegations contained in paragraph 34 of the Complaint.

35.     Defendant denies the allegations contain in paragraph 35 of the Complaint. Defendant affirmatively states that the overriding royalty interest conveyed to Defendant by Whiting in 1994 was excluded from any conveyance to Delta.

36.     Defendant admits that Whiting assigned an overriding royalty to Defendant pursuant to an Assignment of Overriding Royalty dated December 16, 1994 ("1994 BWAB ORRI"), a copy of which is attached to the Complaint as Exhibit E.  Defendant admits it was assigned an overriding royalty in accordance with the terms contained in 1994 BWAB ORRI. Defendant denies all other allegations contain in paragraph 36 of the Complaint.

6

37.     Defendant admits that the extent of the overriding royalties conveyed to it by the 1994 BWAB ORRI and the 1999 BWAB ORRI differ in accordance with their terms.  Defendant denies the allegations contained in the second sentence of paragraph 37 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37 of the Complaint and the same are therefore deemed denied.

38.     Defendant admits that subsequent to the Petition Date, Delta continued to remit to Defendant the amounts Delta determined to be owing to Defendant as a result of its ownership of the 1994 BWAB ORRI and 1999 BWAB ORRI (the "BWAB Post-Petition Payments"). Defendant denies all other allegations contained in paragraph 38 of the Complaint and affirmatively states that Plaintiffs have wrongfully converted its property and interfered in its rights to receive payment from Whiting.

39.     Defendant denies the allegations contained in paragraph 39 of the Complaint and asserts instead that Plaintiffs seek to convert Defendant's property.

## COUNT I

40.     For its response to paragraph 40 of the Complaint, Defendant hereby repeats and realleges its responses above to the allegations as though fully set forth herein.

41.     Defendant admits paragraph 41 of the Complaint contains a quotation from Section 544(a)(3) of the Bankruptcy Code, albeit with a typographical error.

42.     Defendant admits that paragraph 42 of the Complaint contains a partial quotation of some of the language of Section 550(a), but denies all other allegations contained in such paragraph.

43.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contain in paragraph 43 of the Complaint and the same are therefore deemed denied.

44.    Defendant denies that it was required to record the 1999 BWAB ORRI in any recording office for the purpose of providing potential bona fide purchasers with notice of such interest.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 44 of the Compliant and the same are therefore deemed denied.

45.    Defendant admits that the 1999 BWAB ORRI was not recorded in the Santa Barbara County, California recording office prior to the Petition Date, but denies all other allegations contained in paragraph 45 of the Complaint.

46.    Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.    Defendant denies the allegations contained in paragraph 47 of the Compliant.

### COUNT II

48.    For its response to paragraph 48 of the Complaint, Defendant hereby repeats and realleges its responses above to the allegations as though fully set forth herein.

49.    Defendant admits the quoted language contained in paragraph 49 of the Complaint is part of the language of 11 U.S.C. § 1141(a) of the Bankruptcy Code.

50.    Defendant admits the allegations contained in paragraph 50 of the Complaint.

51.    In response to paragraph 51 of the Complaint, Defendant states that the Confirmation Order and the Plan speak for themselves and specifically states that the two documents are not identical.

8

52.     In response to paragraph 52 of the Complaint, Defendant states that the Confirmation Order and the Plan speak for themselves and specifically states that the two documents are not identical.

53.     Defendant admits that it received the Bar Date Notice, Plan and Confirmation Date Notice and Effective Date Notice, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 53 of the Complaint and the same are therefore deemed denied.

54.     Defendant denies the allegations contained in paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in paragraph 55 of the Complaint.

**COUNT III**

56.     For its response to paragraph 56 of the Complaint, Defendant hereby repeats and realleges its responses above to the allegations as though fully set forth herein.

57.     Defendant admits the allegations contained in paragraph 57 of the Complaint.

58.     Defendant admits that he did not file a proof of claim in the Debtors' Chapter 11 cases, but denies the remaining allegations contained in paragraph 58 of the Complaint.

59.     Defendant admits the allegations contained in paragraph 59 of the Complaint.

60.     Defendant admits that Debtor's schedules filed with the Court and dated January 6, 2012, listed Defendant as a creditor and indicated that the amount of its pre-petition claim was unliquidated because the amount was unknown.  Defendant denies that Bankruptcy Rule 3003(c)(2) has any application or relevance to Defendant since to the extent that Defendant had a pre-petition claim, such claim was later  liquidated and paid by the Debtors before the Bar Date. The reason Defendant could not vote on the Plan or receive a distribution is because he did not

9

have a pre-petition claim. Defendant also denies that Plaintiffs properly state the language of Bankruptcy Rule 3003(c)(2).

61.     Defendant denies the allegations contained in paragraph 61 of the Complaint.

## COUNT IV

62.     For its response to paragraph 62 of the Complaint, Defendant hereby repeats and realleges its responses above to the allegations as though fully set forth herein.

63.     Paragraph 63 of the Complaint makes legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint and the same are therefore deemed denied.

64.     Defendant denies the allegations contained in paragraph 64 of the Complaint.

65.     Defendant admits that from the Petition Date to the Effective Date, Delta paid $507,980.42 to Defendant, but denies all other allegations contained in paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in paragraph 68 of the Complaint.

## COUNT V

69.     For its response to paragraph 69 of the Complaint, Defendant hereby repeats and realleges its responses above to the allegations as though fully set forth herein.

70.     Paragraph 70 of the Complaint makes legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and the same are therefore deemed denied.

71.      Defendant admits that from the Petition Date to the Effective Date, Debtor paid $507,980.42 to Defendant.  Defendant denies the allegations contained in the second sentence of paragraph 71 of the Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 71 of the Complaint and the same are therefore deemed denied.

72.      Defendant denies the allegations contained in paragraph 72 of the Complaint.

## COUNT VI

73.      For its response to paragraph 73 of the Complaint, Defendant hereby repeats and realleges its responses above to the allegations as though fully set forth herein.

74.      Defendant admits the allegations contained in paragrap74 of the Complaint.

75.      Defendant denies the allegations contained in paragraph 75 of the Complaint.

76.      Defendant admits that Delta made payments of money belonging to Defendant during the Chapter 11 Cases to which Defendant was entitled under the 1999 BWAB ORRI. Defendant denies all other allegations contained in paragraph 76 of the Complaint.

77.      Defendant denies the allegations contained in paragraph 77 of the Complaint.

## COUNT VII

78.      For its response to paragraph 78 of the Complaint, Defendant hereby repeats and realleges its responses above to the allegations as though fully set forth herein.

79.      Defendant admits that it had property ownership rights as a result of its 1994 BWAB ORRI which entitled it to payments from Whiting as set forth therein.  Defendant admits

7518522 v1

that Delta agreed with Whiting that Delta would distribute the moneys owed Defendant by

Whiting when Whiting transferred such funds to Delta for distribution to Defendant.  Defendant

denies all other allegations contained in paragraph 79 of the Complaint.

80.     Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 80 of the Complaint and the same are therefore deemed

denied.

81.     Defendant denies the allegations contain in paragraph 81 of the Complaint.

82.     Defendant denies the allegations contain in paragraph 82 of the Complaint.

## COUNT VIII

83.     For its response to paragraph 83 of the Complaint, Defendant hereby repeats and

realleges its responses above to the allegations as though fully set forth herein.

84.     Defendant admits that the quoted language contained in paragraph 84 of the

Complaint appears in the language of 11 U.S.C. § 542(a) of the Bankruptcy Code.

85.     Defendant denies the allegations contained in paragraph 85 of the Complaint.

86.     Defendant denies the allegations contained in paragraph 86 of the Complaint.

## COUNT IX

87.     For its response to paragraph 87 of the Complaint, Defendant hereby repeats and

realleges its responses above as though fully set forth herein.

88.     Defendant denies the allegations contained in paragraph 88 of the Complaint.

89.     Defendant admits that section 10.3 of the Plan and paragraph 19 of the

Confirmation Order contain provisions relating to the binding effect of the Plan, but denies all

other allegations contained in paragraph 89 of the Complaint.

90.     Defendant admits that section 10.10(a) of the Plan and paragraph 45 of the Confirmation Order contain provisions as set forth therein relating to an injunction, but deny that such injunction is applicable to Defendant since it did not have any claim against the Debtors as of the Effective Date.

91.     Defendant denies the allegations contained in paragraph 91 of the Complaint.

## AFFIRMATIVE DEFENSES

1.      Any unpaid amounts which may have been owed to Defendant as of the Petition Date or as of Effective Date because of oil and gas production relating to the 1994 BWAB ORRI and the 1999 BWAB ORRI were paid by Debtors to Defendant before the Bar Date or before the Effective Date, respectively.

2.      Debtors at no time informed Defendant or provided any notice in its Plan, its disclosure materials, other notices, or filings with the Bankruptcy Court, that it disputed Defendant's 1994 BWAB ORRI or its 1999 BWAB ORRI, or that the purpose or effect of the Plan was to convert its property.

3.      None of the amounts paid by Delta to Defendant on account of the 1994 BWAB ORRI or the 1999 BWAB ORRI was paid under protest.

4.      Defendant relied upon the payments of its pre and post-petition royalties by Delta when Defendant did not file a proof of claim, did not file a request for allowance of administrative claim, and did not participate in the Delta bankruptcy case.

5.      Plaintiffs are not entitled to recover any funds paid by Delta to Defendant as Delta affirmatively sought and obtained the Court's permission to make the post-petition payments to Defendant.

6.      Based upon the facts and events described in paragraphs 1 through 5 above, Counts II, III, IV, V, VI, VII, VIII and IX are barred by estoppel, laches, unclean hands, waiver, ratification and account stated, and violations of the due process clause of the United States Constitution.

7.      Based upon the facts and events described in paragraphs 1 through 5 above, it would be inequitable and against public policy for the Plaintiffs to recover any sums based upon actions that Defendant was induced not to take as a result of the payments voluntarily and without objection made by Delta to Defendant.

8.      Plaintiffs are not entitled to recover any funds paid to Defendant because the funds were paid by Delta as a mere conduit on behalf of Whiting.

9.      Plaintiffs are not entitled to recover any funds paid to Defendant because any funds paid by Delta to Defendant were the property of Defendant which were merely held in trust for Defendant by Delta.

10.     Plaintiffs are not entitled to recover any funds paid by Delta to Defendant as such funds were ear marked for Defendant when paid to Delta by Whiting.

11.     The Complaint fails to state any claim upon which relief can be granted.

12.      The claims contained in Count VII of the Complaint are also barred by the statute of limitations, laches, waiver, estoppel, ratification and account stated, due to Delta's pre-petition conduct.

13.     All claims asserted against Defendant relating to the 1994 BWAB ORRI must be dismissed for failure to join Whiting as an indispensable party.

14

14.     Plaintiffs are factually and judicially estopped from denying that the 1999 BWAB ORRI is an interest in real property.

15.     The 1999 BWAB ORRI and the 1994 BWAB ORRI are not and were not, property of the estate under 11 U.S.C. §541.

16.     Plaintiffs' claims arising out of Delta's alleged pre-petition overpayment of the 1994 BWAB ORRI are barred in whole or in part by the doctrine of setoff should the 1999 BWAB ORRI be avoided.

**WHEREFORE**, Defendant BWAB Limited Liability Company prays that this Court issue its Order dismissing all of Plaintiffs' claims with prejudice, awarding said Defendant  its reasonable attorney's fees and costs incurred in the above-captioned action, and for such other and further relief as the Court may deem proper.

## COUNTERCLAIMS

Defendant/Counterclaimant BWAB Limited Liability Company ("BWAB"), by and through undersigned counsel hereby alleges the following counterclaims set forth below.  Unless otherwise defined in the counterclaims, capitalized terms shall have the meaning set forth in BWAB's Answer above.

### Summary of Counterclaims

1.     PAR's Complaint seeks a declaration that confirmation of the Plan stripped Defendant of two real or personal properties it owns, one since 1994 as a result of the conveyance by Whiting Petroleum Corporation ("Whiting") of an overriding royalty interest by the 1994 BWAB ORRI (attached to the Complaint as Exhibit E) and one since 1999 as a result of the conveyance of an overriding royalty interest by the 1999 BWAB ORRI (attached to the

15

Complaint as Exhibit D).  PAR's self-help retention of monies presently due to  BWAB on

account of the 1994 BWAB ORRI and 1999 BWAB ORRI and its intent to retain monies to

become due thereunder in the future is wrongful and gives rise to the Counterclaims alleged

herein.

### Jurisdiction and Venue

2.       The Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 157,

1334, and 2201. These counterclaims are non-core and BWAB consents to entry of final orders

or judgment by the bankruptcy judge.

3.       Venue is proper under 28 U.S.C. § 1409.

### Parties

4.       On the Effective Date of Debtor Delta Petroleum Corporation's ("Delta") Plan—

August 31, 2012—Delta emerged from chapter 11 as Par Petroleum Corporation ("PAR").  PAR

is a plaintiff in this proceeding.

5.       Plaintiff Delta Petroleum Trust ("Trust") is a general recovery trust created for the

benefit of the Reorganized Debtors.

6.       BWAB is a limited liability company with headquarters in Denver, Colorado

### Background

7.       Off the shore of California—adjacent to the County of Santa Barbara, and on the

outer continental shelf—there exists an area of oil drilling development known as the Point

Arguello Field ("Point Arguello").  Whiting is the record owner of various leases and other

agreements that afford it the right, along with other co-lessees, to explore, develop and produce

oil and gas from the Point Arguello properties.

8.      The Point Arguello properties are governed by the Outer Continental Shelf Lands Act (the "Act"), 43 U.S.C. § 1331 *et seq*.  The Act incorporates the law of the adjacent state as "surrogate" federal law.  43 U.S.C. § 1333(a)(2)(A).

9.      In 1999, Whiting and Delta negotiated a Purchase Agreement whereby Whiting was to convey to Delta all of its right, title and interest in and to the Point Arguello properties. The Purchase Agreement was amended ("Amended Purchase Agreement") and pursuant to the Amended Purchase Agreement, Whiting executed and delivered to Delta a conveyance and assignment dated December 1, 1999 ("NOI Assignment"), a sample copy of which is attached to the Complaint as part of Exhibit C.  The NOI Assignment conveyed a net operating interest as defined therein in Point Arguello to Delta.  Under the terms of the NOI Assignment but excluding certain exceptions specified therein, Delta received the economic equivalent of Whiting's right, title and interest in the Point Arguello properties excepting only that Delta did not receive record legal title.  The prior 1994 BWAB ORRI was one of the specific exceptions excluded from the NOI Assignment.

10.     Neither Whiting nor Delta recorded the NOI Assignment in the real property records of the County of Santa Barbara or any other County in the State of California.  The 1994 BWAB ORRI was recorded in the real property records of Santa Barbara County in February, 1995, and with the Minerals Management Service in January, 1995.

11.     As record owner, Whiting has received and continues to receive proceeds from the sale of oil produced from the Point Arguello properties, and has delivered certain monies derived therefrom to Delta (and now PAR) for distribution to various royalty and overriding

royalty owners and certain other monies derived therefrom for retention by PAR pursuant to a formula set forth in the NOI Assignment.

12.    On December 1, 1999, after receiving the NOI Assignment, Delta assigned portions of such interest to multiple parties pursuant to multiple assignments.  One such assignment was an assignment of an overriding royalty interest, free and clear of all development, production and operating expenses to BWAB (the "1999 BWAB ORRI", attached as Exhibit D to the Complaint).

13.    The NOI Assignment and the 1999 BWAB ORRI entitle the owners thereof to all the economic and beneficial rights to explore, develop and produce oil and gas by virtue of the leases and other agreements entered into by Whiting and the co-lessees of the mineral interests in the Point Arguello properties.

14.    For almost twenty years Whiting and its other co-lessee partners have produced and sold oil from the Point Arguello properties.  For the last thirteen years, Whiting delivered the monies payable to BWAB pursuant to the 1999 BWAB ORRI, and monies payable to other overriding royalty owners  pursuant to their interests in Point Arguello, including monies owed by Whiting to BWAB under the 1994 BWAB ORRI, to Delta for distribution to BWAB and the other overriding royalty owners.

15.    Based upon information disclosed for the first time in the Complaint, a dispute has arisen with PAR as to whether the monies owed under the 1999 BWAB ORRI and other overriding royalties have been properly calculated.  Upon information and belief, the 1999 BWAB ORRI royalty payments have been underpaid by Delta for some part or all of the past 13 years.  BWAB is not seeking to recover the amount of these past underpayments for the period

prior to the Effective Date, but seeks a declaration of the proper calculation of the amounts due

since the Effective Date and of future payments that will become due as a result of future oil

production.

16.     Pursuant to the NOI Assignment and the Amended Purchase Agreement by which

Delta acquired the NOI Assignment, Delta agreed to indemnify Whiting from any claims that

parties like BWAB might bring if Delta did not distribute their revenues to them.  *See* Purchase

Agreement ¶ 10.2, contained in Exhibit B to the Complaint.

17.     Delta filed bankruptcy in December 2011.

18.     Delta's bankruptcy schedules dated January 6, 2012 characterized BWAB as an

unsecured creditor and indicated that the amount of its prepetition claim was unliquidated

because the amount was unknown.  Delta did not, however, dispute BWAB's ownership of the

1994 BWAB ORRI or the 1999 BWAB ORRI and did not dispute that BWAB was entitled to

payment of monies received on account thereof, if and when received by Delta from Whiting.

Delta sought and obtained approval of the Bankruptcy Court to pay the amounts earned by

BWAB from the 1994 BWAB ORRI and the 1999 BWAB ORRI (along with other overriding

royalties), whether such amounts were the result of amounts owed for prepetition claims relating

thereto, or for new, post-petition claims relating thereto arising because of subsequent oil

production.  When the amount of BWAB's prepetition claim became known to Delta, Delta paid

such amount in full as it did other royalty and overriding royalty owners.

19.     Every month following the bankruptcy filing through the Effective Date,

including after the confirmation order was entered on August 16, 2012, Delta paid BWAB the

monies Delta received from Whiting as a result of subsequent oil production for distribution to

7518522 v1

BWAB in satisfaction of new, post-petition claims as they arose.  The last payment received by

BWAB from Delta in payment of monies due on the 1994 BWAB ORRI and 1999 BWAB ORRI

was dated August 21, 2012. The Plan had an Effective Date of August 31, 2012.

20.     On information and belief, as of August 31, 2012, Delta did not owe BWAB any

money under the 1994 BWAB ORRI or under the 1999 BWAB ORRI (aside from the possible

underpayment of monies due on account of Delta's miscalculation of monies due on the 1999

BWAB ORRI described above).

21.     In September 2012, the Delta Recovery Trust filed an adversary proceeding to

avoid the 1999 BWAB ORRI.  By the filing of the Amended Complaint on January 4, 2013,

PAR joined as a plaintiff.  Since filing the adversary proceeding, Plaintiffs have not distributed

any of the monies they have received from Whiting for distribution to BWAB, despite doing so

for thirteen years, a period which included the pendency of the Delta bankruptcy.

22.     No order of any Court authorized PAR to discontinue the payment of the monies

owed under the 1994 BWAB ORRI and the 1999 BWAB ORRI from its receipt of funds from

Whiting.

23.     Despite demand by BWAB, PAR has refused to pay BWAB the monies to which

it is entitled pursuant to the 1994 BWAB ORRI and the 1999 BWAB ORRI that have been due

and owing and/or accruing since September 1, 2012.

24.     PAR's refusal to pay BWAB monies due BWAB first occurred after the Plan

Effective Date.

25.     On November 21, 2012, BWAB sent Whiting notice that PAR refused to pay

BWAB the monies to which BWAB is entitled pursuant to the 1994 BWAB ORRI and 1999

BWAB ORRI that have been due and owing since September of 2012 ("Whiting Notice").  The

Whiting Notice requested that Whiting pay BWAB directly, rather than through PAR, because of

PAR's wrongful retention of the monies belonging to BWAB.

26.     PAR objected to the Whiting Notice.  To resolve their differences on this issue, on

December 21, 2012, the parties agreed to place certain future monies received by PAR from

Whiting into escrow (the "Escrow") with the Court.  PAR refused, however, to place into the

Escrow any monies owed to BWAB which it had received from Whiting after the Effective Date

but before December 21, 2012.  As of January 9, 2013, PAR had placed $43,241.08 into the

Escrow, representing PAR's calculation of the monies payable solely for October, 2012 oil

production pursuant to the 1994 BWAB ORRI and the 1999 BWAB ORRI.

27.     On information and belief, the Point Arguello properties are continuing to

produce revenues from oil production, to which BWAB is entitled to a portion pursuant to the

1994 BWAB ORRI and the 1999 BWAB ORRI.  PAR continues to refuse to pay BWAB those

monies.  Therefore, new claims against PAR in favor of BWAB continue to accrue.

### First Counterclaim
### Money Had and Received

28.     BWAB incorporates the foregoing allegations as if set forth fully herein.

29.     PAR has received monies from Whiting which belong to BWAB pursuant to the

1994 BWAB ORRI and 1999 BWAB ORRI. PAR has placed some, but not all, of such monies

into the Escrow.

30.     Equity and good conscience require that PAR pay BWAB these monies as they

are rightfully its property under the 1994 BWAB ORRI and the 1999 BWAB ORRI.

7518522 v1

31.    BWAB is entitled to an order that the monies in Escrow deposited therein with respect to the 1994 BWAB ORRI and the 1999 BWAB ORRI—$43,241.08 as of January 9, 2013—be paid to BWAB, and also for a judgment against PAR for all other monies owed to BWAB received after the Effective Date which are owed to BWAB but which PAR has not placed in Escrow.

## Second Counterclaim
## Conversion

32.    BWAB incorporates the foregoing allegations as if set forth fully herein.

33.    PAR's wrongful acts of refusing and failing to distribute monies it received from Whiting payable to BWAB constitute unlawful dominion and control over BWAB's property with the intent to permanently deprive it of the benefits and use thereof.  PAR's wrongful acts therefore amount to the common law tort of conversion of BWAB's property.

34.    PAR's acts are accompanied by fraud, malice, recklessness and a willful and wanton disregard of BWAB's rights.

35.    BWAB has been, and will continue to be, damaged by PAR's wrongful acts.

36.    BWAB has been damaged in an amount to be determined at trial—but at least $43,241.08, representing the amount in Escrow as of January 9, 2013—in addition to any such other damages to which BWAB may be entitled as result of PAR's wrongful conversion.

## Third Counterclaim
## Restitution based on Unjust Enrichment

37.    BWAB incorporates the foregoing allegations as if set forth fully herein.

38.     PAR has received a benefit at the expense of BWAB.  Namely, PAR has received monies owed to BWAB due to the 1994 BWAB ORRI and the 1999 BWAB ORRI from Whiting that it has refused to tender to BWAB.

39.     As between PAR and BWAB, it is unjust for PAR to retain the benefit of the monies it received from Whiting for distribution to Larson pursuant to the 1994 BWAB ORRI and the 1999 BWAB ORRI.

40.     BWAB has been damaged due to PAR's unjust refusal to pay BWAB the monies PAR received from Whiting for distribution to  BWAB pursuant to the 1994 BWAB ORRI and the 1999 BWAB ORRI.

41.     In equity, the Court should award BWAB with restitution damages due to the injuries it has suffered because of PAR's unjust refusal to pay.

### Fourth Counterclaim
### Declaratory Judgment

42.     BWAB incorporates the foregoing allegations as if set forth fully herein.

43.     Unless the Court determines the parties' rights with respect to the 1994 BWAB ORRI and the 1999 BWAB ORRI, the parties will continue to dispute the right to payments due thereunder.  There is an absolute adversity of interest between the parties with respect to BWAB's right to payment for his interest under the 1994 BWAB ORRI and the 1999 BWAB ORRI, a declaratory judgment would conclusively settle the issue, and a declaratory judgment would provide immense practical help or utility in avoiding future disputes related to the 1994 BWAB ORRI and the 1999 BWAB ORRI.  Therefore, this dispute is ripe for declaratory judgment.

7518522 v1

44.    BWAB respectfully requests that the Court enter an order declaring that the 1994

BWAB ORRI and the 1999 BWAB ORRI were not extinguished, stripped or otherwise avoided

by the Confirmation Order in Delta's bankruptcy, and that the interests they describe are still

owned by BWAB and are in full effect, unaffected by the Confirmation Order.

45.    Furthermore, BWAB respectfully requests that the Court enter an order declaring

the proper calculation for payments under the 1999 BWAB ORRI since the Effective Date and in

the future.

**WHEREFORE**, Defendant BWAB Limited Liability Company prays that this Court

grant Defendant the relief prayed-for in the above counterclaims including damages, pre- and

post-judgment interest as authorized by law, for an order awarding said Defendant its reasonable

attorneys' fees and costs incurred in this proceeding, and for such other and further relief as the

Court may deem proper.

Dated: January 30, 2013

>                           **BENESCH, FRIEDLANDER, COPLAN**
>                             **& ARONOFF LLP**
>
> By:    _/s/ Raymond H. Lemisch_
>        Raymond H. Lemisch, Esquire (No. 4204)
>        222 Delaware Avenue, Suite 801
>        Wilmington, DE 19801
>        (302) 442-7010 telephone
>        (303) 442-7012 facsimile
>        rlemisch@beneschlaw.com
>
>        – and –

7518522 v1

Barry L. Wilkie, Esq.
Stuart N. Bennett, Esq.
**JONES & KELLER, P.C**
1999 Broadway, Suite 3150
Denver, CO  80202
(303) 573-1600 telephone
(303) 573-8133 facsimile
bwilkie@joneskeller.com
sbennett@joneskeller.com

*Counsel to BWAB Limited Liability Company*

25