## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - -x
:
In re:                                          :          Chapter 11
                                                :
DELTA PETROLEUM CORPORATION,   :          Case No. 11-14006 (KJC)
et al.,[1]                                      :
                                                :          Jointly Administered
                          Debtors.              :
                                                :
- - - - - - - - - - - - - - - - - - - - - - -x
DELTA PETROLEUM GENERAL           :
RECOVERY TRUST                            :
and                                             :
PAR PETROLEUM CORPORATION,      :
                                                :
               Plaintiffs,                     :          Adv. Pro. No. 12-50898 (KJC)
                                                :
        v.                                      :
                                                :
BWAB LIMITED LIABILITY            :
COMPANY,                                   :
               Defendant.                     :          **Related Docket Nos. 1, 22, 25 & 29**
- - - - - - - - - - - - - - - - - - - - - - - - -x

### PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES
### TO COUNTERCLAIMS OF DEFENDANT
### BWAB LIMITED LIABILITY COMPANY

Delta Petroleum General Recovery Trust ("Delta Petroleum Trust")

and Par Petroleum Corporation ("Par Petroleum") and its affiliates (each a

"Reorganized Debtor" and collectively, the "Reorganized Debtors," and together

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Delta Petroleum Corporation (0803); DPCA LLC (0803); Delta Exploration Company, Inc. (9462); Delta Pipeline, LLC (0803); DLC, Inc. (3989); CEC, Inc. (3154); Castle Texas Production Limited Partnership (6054); Amber Resources Company of Colorado (0506); and Castle Exploration Company, Inc. (9007).  The Reorganized Debtors' headquarters are located at: 1301 McKinney Street, Suite 2025, Houston, TX 77010.

with Delta Petroleum Trust, the "<u>Plaintiffs</u>"), by and through their undersigned counsel, hereby submit their reply to the Amended Answer, Affirmative Defenses and Counterclaims (D.I. 29) (the "<u>Counterclaims</u>")[2] of BWAB Limited Liability Company ("<u>BWAB</u>" or "<u>Defendant</u>") as follows. Any allegation, averment, contention, statement or heading in the Complaint not specifically and unequivocally admitted is denied. Plaintiffs respond to each of the paragraphs in the Counterclaims as follows:

1.      Denied, except admitted that the Complaint seeks (*inter alia*) declaratory relief that consummation and confirmation of the Debtors' Plan (both as defined in the Complaint) extinguished any interests Defendant may then have had related to the 1994 BWAB ORRI and 1999 BWAB ORRI.

2.      Admitted that the Court has jurisdiction over these Counterclaims under 28 U.S.C. §§157, 1334 and 2201. To the extent the Counterclaims are non-core, Plaintiffs consent to the entry of final orders or judgments by this Court.

3.      Admitted.

4.      Admitted.

5.      Admitted.

6.      Admitted.

---

[2]    Terms not otherwise defined herein shall have the meaning ascribed to them in the Counterclaims.

7.    Admitted.

8.    Admitted.

9.    Denied, except admitted that in 1999, Delta and Whiting entered into a Purchase Agreement, an amendment to the Purchase Agreement, and a conveyance and assignment agreement dated as of December 1, 1999, and refer the Court thereto for a complete and accurate description of the contents thereof.

10.    Admitted that neither Whiting nor Delta recorded the NOI Assignment in the real property records of Santa Barbara County, California and that the 1994 BWAB ORRI was recorded in the real property records of Santa Barbara County and with the Mineral Management Service in or around January 1995, and Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Counterclaims.

11.    Admitted that Whiting has delivered certain monies derived from the sale of oil produced from the Point Arguello properties to Delta (and now Par Petroleum), and Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 of the Counterclaims.

12.    Denied, except admitted that Delta and BWAB entered into the 1999 BWAB Assignment Agreement (as defined in the Complaint) dated December 1, 1999, which is Exhibit D to the Complaint, and refer the Court thereto for a complete and accurate description of the contents thereof.

13.    Paragraph 13 of the Counterclaims states legal conclusions to which no response is required.

14.    Admitted that since Delta's 1999 transaction with Whiting, Whiting has made certain payments to Delta, and Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Counterclaims.

15.    Denied, except admitted that there is a dispute concerning overpayments made to BWAB due to a miscalculation by Delta, and Plaintiffs are without knowledge or information sufficient to form a belief as to when BWAB first learned that it had been overpaid due to the miscalculation by Delta.

16.    Denied, except refer the Court to the Amended Purchase Agreement for a complete and accurate description of the contents thereof.

17.    Admitted.

18.    Denied, except the allegations in the first sentence of Paragraph 18 of the Counterclaims are admitted, and admitted that Delta made post-petition payments to BWAB to which BWAB was not entitled.

19.    Denied, except admitted that Delta made post-petition payments to BWAB to which BWAB was not entitled, the last payment Delta made to BWAB was dated August 21, 2012, and the Effective Date of the Plan was August 31, 2012.

20.    Denied, except admitted that as of August 31, 2012, Delta did

4

not owe anything to BWAB.

21.     Denied, except admitted that in September 2012, the Delta Recovery Trust filed this adversary proceeding in which Par Petroleum joined as a Plaintiff in the Amended Complaint filed on January 4, 2013, and that, since initiating the adversary proceeding, Par Petroleum has not made any payments to BWAB.

22.     Denied.

23.     Denied, except admitted that, since initiating the adversary proceeding, Par Petroleum has not made any payments to BWAB.

24.     Denied, except admitted that since the Effective Date, Par Petroleum has not made any payments to BWAB.

25.     Denied, except admitted that BWAB sent a letter to Whiting dated November 21, 2012, and refer the Court thereto for a complete and accurate description of the contents thereof.

26.      Denied, except admitted that the parties agreed to escrow some, but not all, of the funds paid by Whiting post-petition with respect to the BWAB ORRIs, and refer the Court to the records of the escrow account for a complete and accurate description of the contents thereof.

27.     Denied, except admitted that Par Petroleum continues to receive payments from Whiting and to escrow funds paid by Whiting post-petition with respect to the BWAB ORRIs in accordance with the parties' agreement, and

Plaintiffs are without knowledge or information sufficient to form a belief as to the revenues from oil production from the Point Arguello properties.

28.    Plaintiffs repeat and reallege their answers to all preceding paragraphs as though fully set forth herein.

29.    Denied, except admitted that Par Petroleum has received and placed in escrow with this Court certain funds it has received from Whiting in accordance with the parties' agreement.

30.    Denied.

31.    Denied.

32.    Plaintiffs repeat and reallege their answers to all preceding paragraphs as though fully set forth herein.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Plaintiffs repeat and reallege their answers to all preceding paragraphs as though fully set forth herein.

38.    Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Plaintiffs repeat and reallege their answers to all preceding paragraphs as though fully set forth herein.

43.    Denied, except admitted that a declaratory judgment is required to resolve the parties' dispute.

44.    Denied, except admitted that BWAB has requested declaratory relief.

45.    Denied, except admitted that BWAB has requested declaratory relief.

<b>AFFIRMATIVE DEFENSES</b>

Without assuming the burden of proof on any matters where such burden rests on the Defendant, Plaintiffs assert the following affirmative defenses:

<b>FIRST AFFIRMATIVE DEFENSE</b>

46.    The Counterclaims fail to state claims against Plaintiffs upon which relief may be granted.

<b>SECOND AFFIRMATIVE DEFENSE</b>

47.    Defendant's Counterclaims are barred in whole or in part by the doctrines of accord and satisfaction.

<b>THIRD AFFIRMATIVE DEFENSE</b>

48.    Defendant's Counterclaims are barred in whole or in part by the doctrines of acquiescence, ratification, waiver and/or estoppel.

7

**FOURTH AFFIRMATIVE DEFENSE**

49.     Defendant incurred no damages as a result of the alleged

conduct.

**FIFTH AFFIRMATIVE DEFENSE**

50.     At all relevant times, Plaintiffs acted in good faith and with

justification.

**SIXTH AFFIRMATIVE DEFENSE**

51.     Defendant's fraud allegation must be dismissed pursuant to

Fed. R. Bankr. P. 7009 and Fed. R. Civ. P. 9(b).

**SEVENTH AFFIRMATIVE DEFENSE**

52.     Defendant had no rights in or to the funds received by Delta

from Whiting after the Petition Date.

**EIGHTH AFFIRMATIVE DEFENSE**

53.     Any alleged damages that might otherwise be recoverable by

Defendant are entirely offset by substantially greater damages due from Defendant to

Plaintiffs, as set forth in Plaintiffs' Amended Complaint.

**NINTH AFFIRMATIVE DEFENSE**

54.     Defendant's Counterclaims are barred by the doctrine of

unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

55.     Plaintiffs affirmatively raise and reserve all applicable

8

equitable defenses.

## ELEVENTH AFFIRMATIVE DEFENSE

56.    Plaintiffs expressly reserve the right to assert additional affirmative defenses, if and to the extent such affirmative defenses are applicable, as they discover them through discovery or other investigation.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**CONCLUSION**

WHEREFORE, Plaintiffs respectfully request the Court enter an order:

      (a)    dismissing Defendant's Counterclaims with prejudice;

      (b)    awarding Plaintiffs the fees, costs and expenses of this action, including attorney's fees; and

      (c)    granting such other and further relief as the Court deems just and proper.

Dated:      February 8, 2013
               Wilmington, Delaware

               */s/ Anthony W. Clark*
               Anthony W. Clark (I.D. No. 2051)
               Kristhy M. Peguero (I.D. No. 4903)
               Skadden, Arps, Slate, Meagher & Flom LLP
               One Rodney Square
               P.O. Box 636
               Wilmington, Delaware 19899-0636
               (302) 651-3000

               and

               Ron Meisler
               Ebba Gebisa
               Skadden, Arps, Slate, Meagher & Flom LLP
               155 North Wacker Drive
               Chicago, Illinois 60606-1720
               (312) 407-0700

               *Counsel for Delta Petroleum General Recovery Trust and Par Petroleum Corporation*

10