**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DELTA PETROLEUM, <u>et al.</u>, | : | Case No. 11-14006 (KJC) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| DELTA PETROLEUM GENERAL | : | |
| RECOVERY TRUST, and PAR | : | |
| PETROLEUM CORPORATION, | : | |
| | : | Adv. Pro No. 12-50898 (KJC) |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| BWAB LIMITED LIABILITY COMPANY, | : | |
| | x | |
| Defendant, Counterclaimant. | | |

**BWAB'S MOTION TO PERMIT DISCOVERY PURSUANT TO**
**FED. R. BANKR. P. 7056 AND FED. R. CIV. P. 56(d) PRIOR**
**TO DECISION REGARDING PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT (Adv. D.I. 34)**

BWAB Limited Liability Company ("BWAB") by and through its attorneys, for

its Motion to Permit Discovery Pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P.

56(d) Prior to Decision Regarding Plaintiffs' Motion for Summary Judgment ("56(d)

Motion"), states as follows:

## I.    INTRODUCTION

As BWAB states in its contemporaneously-filed Memorandum of Law in

Opposition to Plaintiffs' Motion for Summary Judgment ("Response"), Plaintiffs are not

entitled to summary judgment because, as a matter of law, the relevant interests in this

case are interests in real property which are not avoidable and the property interests at issue were not affected by Debtor's plan of reorganization and Plaintiffs' supposed miscalculation of payments is hotly disputed.  However, if and to the extent that the Court considers Plaintiffs' positions to the contrary to have possible merit, BWAB brings this 56(d) Motion because Plaintiffs have filed a Motion for Summary Judgment but, other than unclear and insufficient disclosures, have not provided discovery that is pertinent to BWAB's defenses.  Moreover, BWAB requires discovery from third parties which will confirm BWAB's assertion as to the true nature of the transactions at issue in the case and will enable it to establish its defenses to Plaintiffs' claims.

Plaintiffs' Motion for Summary Judgment and Memorandum of Law in Support thereof (Adv. D.I. 34-35, henceforth "Plaintiffs' Motion") asserts that BWAB has been overpaid.  These overpayment claims were first alleged in Plaintiff's amended complaint on January 4, 2012.  Plaintiffs' Motion at 19-24.  Plaintiffs' Motion also asserts various positions concerning a transaction in 1994 (to which Plaintiffs were not even a party) and transactions in 1999.  Plaintiffs' Motion at 11-18.  To support those assertions, Plaintiffs offer the Declaration of an individual who became a consultant to the debtor, Delta Petroleum Corporation ("Delta") starting in December, 2011, but did not become an officer of Delta or PAR until July, 2012.  *See* Declaration of Seth Bullock, attached to Plaintiffs' Motion, at ¶ 1.

If BWAB is to answer Plaintiffs' claims that they have overpaid BWAB—which BWAB denies—BWAB must have access to all of the documents evidencing the calculation of those payments and the opportunity to depose Mr. Bullock following the receipt of such documents.  Therefore, BWAB has propounded written discovery requests for those documents.  Furthermore, BWAB is entitled to take the deposition of

2

Plaintiffs' declarant, who cannot possibly have the knowledge he claims, and of Kevin

Nanke, Delta Petroleum Corporation's former Chief Financial Officer who in all

likelihood may have such knowledge.  Additionally, BWAB seeks to conduct discovery

with respect to the Whiting Petroleum Corporation ("Whiting")—the counterparty to two

of the transactions in question—which will inform BWAB's argument that Plaintiffs are

not entitled to summary judgment.  For these reasons, if the Court does not deny

Plaintiffs Motion, the Court should grant the 56(d) Motion and order that (i) discovery

and supplemental briefing based thereon should continue for an additional ninety days

prior to otherwise ruling on Plaintiffs' Motion, or (ii) deny Plaintiffs' Motion without

prejudice to its renewal at a later date, or (iii) issue any other appropriate order to protect

BWAB's rights under Fed. R. Civ. P. 56(d).

## II.    BACKGROUND

### Plaintiffs' Discovery Productions to Date

1.     On January 16, 2013, Plaintiffs served their Rule 26 Disclosures.  *See* the

Declaration of Barry L. Wilkie in Support of BWAB's 56(d) Motion ("Wilkie Dec.") at

Ex. 1.  The Wilkie Dec. is attached hereto as Exhibit A.  The disclosures stated that

copies of their disclosed documents could be obtained by contacting Plaintiffs' counsel.

*Id.*  The Rule 26 Disclosures did not contain any computations of the amount of such

over payment or the documents upon which such computation is based, as required by

Rule 26(a)(1)(iii).  Wilkie Dec. at ¶ 7.  Plaintiffs did not disclose their calculation of the

amount of the alleged over payment claim until they filed their Motion.  *Id.*  It is unclear

how and to what extent any of the documents previously disclosed may relate to those

calculations or whether such documents are complete.  *Id.*

3

2.      On January 18, 2013, BWAB's counsel requested that Plaintiffs provide the documents disclosed in Plaintiffs' Rule 26 Disclosures.  Wilkie Dec. at Ex. 2.

3.      Having received no response to its January 18, 2013 request, on January 23, 2013 BWAB's counsel again requested that Plaintiffs provide the documents disclosed in Plaintiffs' Rule 26 Disclosures.  Wilkie Dec. at Ex. 3.

4.      Six days later on January 29, 2013, Plaintiffs' counsel responded that they required a signed confidentiality agreement before providing the documents.  Wilkie Dec. at Ex. 4.  That same day, BWAB's counsel asked Plaintiffs' counsel to explain the nature and extent of the purportedly confidential documents.  Wilkie Dec. at Ex. 5.

5.      On Friday, February 8, 2013 at 6:44 PM Eastern time, BWAB received a first set of Plaintiffs' Rule 26 disclosure documents, but only after BWAB's counsel agreed to not reveal the purported confidential documents to other persons until the terms of a confidentiality agreement could be worked out.  Wilkie Dec. at Exh. 5.  Out of the 348 pages of documents that Plaintiffs produced, only 26 pages were marked as confidential, and most of the purportedly confidential documents were documents that had been signed by one of the defendants over 10 years ago.  Wilkie Dec. at ¶ 11.

6.      On February 12, 2013, Plaintiffs filed their Motion for Summary Judgment.  Adv. D.I. 34-35.

7.      On February 20, 2013, after the close of business and only four business days before BWAB's response to Plaintiffs' Motion was initially due, Plaintiffs produced over 2,000 pages of documents, a relatively large number of which were marked as confidential.  Wilkie Dec. at ¶ 13.

8.      On March 7, 2013, Plaintiffs produced an additional 51 pages of documents, none of which were marked confidential.  Wilkie Dec. at ¶ 14.

4

9.      None of the documents disclosed to BWAB to date include any communications between Delta and Whiting concerning the nature of the 1999 transaction between the two whereby Delta acquired its Net Operating Interest, other than the documents which are attached to the Motion.  Wilkie Dec. at ¶ 14.

**BWAB's Additional Attempts to Obtain Relevant Information to Date**

10.      On February 14, 2013, BWAB requested Plaintiffs' permission to interview Delta's former Chief Financial Officer, Kevin Nanke.  Wilkie Dec. at ¶ 15. Plaintiffs refused that request.  *Id.*

11.      On February 15, 2013, BWAB attempted to obtain informal discovery from Whiting by interviewing Whiting employees, including John Hazlett—a key participant in the 1994 transaction.  Wilkie Dec. at ¶ 16.  Whiting informed BWAB that Whiting would not provide the requested information without formal discovery, and furthermore advised BWAB that Mr. Hazlett was recently deceased.  Wilkie Dec. at ¶ 17.

12.      On March 11, 2013, BWAB served written discovery requests on Plaintiffs.  Wilkie Dec. at Ex. 10.  Many of the discovery requests pertain to documents that Plaintiffs disclosed or should have disclosed in their Rule 26 Disclosures or relate to the calculations and to the audit referred to for the first time in the Declaration of Seth Bullock which was filed in support of Plaintiffs' Motion. *Compare* Wilkie Dec. Exhs. 1 and 10.  Plaintiffs' time to respond to those written discovery requests has not yet expired.  Wilkie Dec. at ¶ 18.

### III.    LEGAL AUTHORITY

Fed. R. Bankr. P. 7056 incorporates Fed. R. Civ. P. 56(d), the latter of which states the following with respect to a nonmovant for summary judgment:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> > (1) defer considering the motion or deny it;
> > (2) allow time to obtain affidavits or declarations or to take discovery; or
> > (3) issue any other appropriate order.

A court will grant a properly-filed Rule 56(d) motion "as a matter of course" particularly if "there are discovery requests outstanding or relevant facts are under the control of the moving party" that are material to a pending summary judgment motion. *Doe v. Abington Friends School*, 480 F.3d 252, 257 (3rd Cir. 2007) (internal quotation marks and citations omitted).[1]  A 56(d) motion must "specify what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained."  *Superior Offshore Int'l, Inc. v. Bristow Group, Inc.*, 2011 WL 2516522 at *10 (D. Del. 2011) (collecting cases).

## IV.    ARGUMENT

As BWAB articulated in its Response, Plaintiffs' arguments in favor of summary judgment are without merit and the motion should be denied.  However, should the Court not reject Plaintiffs' arguments for the reasons stated in BWAB's Response, the Court should grant BWAB relief under Fed. R. Civ. P. 56(d) to permit a full record to be developed and presented to the Court prior to otherwise ruling on Plaintiffs' Motion for Summary Judgment.

---

[1] Although *Doe* refers to a "Rule 56(f)" motion, "in December 2007, the language of Rule 56(f) was amended and incorporated into Rule 56(d). See Fed.R.Civ.P. 56(d). These amendments were 'intended to be stylistic only,' and Rule 56(d) 'carries forward without substantial change the provisions of former subdivision (f).' (Advisory Committee Notes, Fed. R. Civ. P. 56(d))."  *Pennsylvania, Dept. of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3rd Cir. 2012).

In support of this 56(d) Motion, BWAB has offered a sworn declaration in compliance with Fed. R. Civ. P. 56(d).  *See* Wilkie Dec.[2]  As a matter of course, the Court should grant this 56(d) Motion due to the pendency of BWAB's discovery requests.  This 56(d) Motion seeks specific discovery which would preclude summary judgment.  BWAB has diligently sought the requested documents to little or no avail.  In all respects, BWAB meets its burden to show that Plaintiffs' rush to summary judgment is premature, especially in light of their recalcitrance to produce relevant documents.

**A.      The specific discovery sought and how it would preclude summary judgment.**

As is plainly set forth in BWAB's written discovery requests, BWAB is seeking documents which would demonstrate that BWAB has not been overpaid, such as ledgers, books of account, accounting entries, joint interest billings, and records of payments.  *See* Wilkie Dec. at Exh. 10.  These are specific requests, many of which may have been subject to Plaintiffs' obligation under Fed. R. Civ. P. 26(a)(1)(A)(ii) to provide "without awaiting a discovery request.…"

Plaintiffs rely upon the results of its purported "audit" of its past payments to recoup the allegedly miscalculated payments.  *See* Declaration of Seth Bullock, attached to Plaintiff's Motion, at ¶ 20.  However, it is unknown to what extent any documents disclosed to date underlie or relate to the basis of such audit.  Wilkie Dec. at ¶ 14.  BWAB seeks those documents through its discovery requests.  Receipt of those documents will permit BWAB to show that genuine disputes of material fact exist with

---

[2] Fed. R. Civ. P. 56(d) does not require that a nonmoving party offer its own declaration, and declaration of its counsel is sufficient.  *Steinberg v. Shearson Hayden Stone, Inc.*, 546 F. Supp. 699, 701 (D. Del. 1982); *In re CD Liquidation Co., LLC*, 2012 WL 1030404 (Bankr. D. Del. Mar. 23, 2012); *Barrett v. Viacom, Inc.*, 2009 WL 500633 (W.D. Pa. Feb. 27, 2009); *Interstate Outdoor Adver. v. Zoning Bd. of the Twp. of Cherry Hill*, 672 F. Supp. 2d 675, 677 (D.N.J. 2009).

respect to the alleged overpayments as well as BWAB's defenses to that claim, preventing the entry of summary judgment. *Id*.

On March 7, 2013 Plaintiffs produced a few documents concerning how and in what manner debtor Delta Petroleum Corporation ("Delta") received payments from Whiting for distribution to BWAB, or communications with Whiting related thereto. Wilkie Dec. at ¶ 14. The documents only cover a short period of time and it is unknown whether and to what extent other documents may exist. Such documents, if they demonstrate that Whiting earmarked the precise amount Delta was to pay BWAB, or otherwise reflected Whiting's intent that such the funds were to be paid to BWAB, would contradict Plaintiffs' claim. Alternatively, if those documents show that the calculation was left to Delta to perform, it would bolster BWAB's affirmative defenses of estoppel, laches, unclean hands, waiver, ratification and account stated (Adv. D.I. 29, affirmative defense 6), and very well may impact BWAB's other affirmative defenses. BWAB seeks documents pertaining to those payments and Delta's communications with Whiting through its discovery requests. Wilkie Dec. at Exh. 10. Receipt of those documents will permit BWAB to show that genuine disputes of material fact exist with respect to the alleged overpayments and BWAB's defenses to that claim, preventing the entry of summary judgment if the Court does not first deny the Motion for the reasons articulated in BWAB's Response. Wilkie Dec. at ¶ 14. Furthermore, the requested communications between Whiting and Delta will show whether, in the course of negotiating the transaction whereby Whiting conveyed BWAB its interest in the Point Arguello Properties, the parties considered the conveyance to be a real property interest, contrary to the position that Plaintiffs argue in their Motion, if the Court does not first deny the Motion for the reasons specified in BWAB's Response.

Following Plaintiffs' production of the documents BWAB seeks, BWAB seeks to depose Plaintiffs' declarant, Seth Bullock. Wilkie Dec. at ¶ 19. This discovery is squarely within the realm of an appropriate 56(d) Motion. *See Brown & Brown, Inc. v. Cola*, 2011 WL 1103867 at *18 (E.D. Pa. Mar. 23, 2011) (granting a 56(d) motion where a "substantial portion" of a motion for summary judgment is "based on affidavits from individuals who, at the time of [nonmovants' response to the motion for summary judgment], had yet to be deposed, leaving their credibility unfairly free from challenge"). BWAB also seeks the deposition of Delta's former Chief Financial Officer, Kevin Nanke. Wilkie Dec. at ¶ 19. Mr. Nanke's deposition will reveal either that there was no miscalculation in Delta's payments to BWAB, in which case summary judgment is plainly not appropriate, or his testimony will reveal why Delta supposedly paid miscalculated amounts for thirteen years, which could bolster BWAB's affirmative defenses of—*inter alia*—waiver, laches, and account stated.

Additionally, BWAB seeks discovery from Whiting concerning the nature of both the transaction whereby Whiting conveyed BWAB its 1994 overriding royalty interest as well as the transaction whereby Whiting conveyed to Delta its 1999 property interest. Wilkie Dec. at ¶ 19. BWAB has attempted to obtain information from Whiting through informal requests, but Whiting has refused those requests in the absence of subpoena. Wilkie Dec. at ¶¶ 16-17. This discovery will shed light on Whiting's intent in the 1994 transaction conveying BWAB its overriding royalty interest, as well as the 1999 transaction whereby Whiting conveyed Delta the Net Operating Interest. Unless the Court does not deny the Motion, at a minimum the Court should defer consideration of Plaintiffs' Motion until it has a full record before it, as that record may definitively show that Delta's Net Operating Interest was an interest in real property, compelling denial of

their motion as stated in BWAB's Response.  An additional impediment to BWAB's attempts to obtain information, the individual at Whiting most involved with the transactions at issue in this case unfortunately recently died (Wilkie Dec. at Exh. 9), so BWAB will require additional time to discern who is likely to provide constructive information from Whiting.

> **B.    Although BWAB has acted diligently, the requested discovery has not yet been obtained due to the short amount of time since this case began and Plaintiffs' Motion was filed.**

Any delay in obtaining the requested discovery has not been due to any lack of diligence on BWAB's part.  Plaintiffs' Complaint was amended on January 4, 2013 (Adv. D.I. 22), and BWAB has only been aware of the basis for Plaintiffs' Motion since its filing on February 12, 2013, when they filed their motion for summary judgment.   The period for fact discovery is still open under the parties' stipulated amended scheduling order (Adv. D.I. 39).  However, while BWAB has busied itself preparing an extensive response to Plaintiffs' Motion as well as declarations in opposition thereto, it has become clear that BWAB will only obtain the additional information it needs to fully defend itself by means of formal discovery.  Wilkie Dec. at ¶ 20.

## V.    CONCLUSION

If the Court does not simply reject the arguments contained in Plaintiff's Motion, as it should, the requested relief is squarely within the scope of Fed. R. Civ. P. 56(d). The outstanding nature of BWAB's discovery requests should result in this Court granting this 56(d) Motion as "a matter of course."  In so doing, the Court may order that (i) discovery and supplemental briefing based thereon should continue for an additional ninety days prior to otherwise ruling on Plaintiffs' Motion, or (ii) deny Plaintiffs' Motion

without prejudice to its renewal at a later date, or (iii) issue any other appropriate order to

protect BWAB's rights under Fed. R. Civ. P. 56(d).

Dated March 12, 2013

**BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP**

By:  /s/ Raymond H. Lemisch
Raymond H. Lemisch, Esquire (No. 4204)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
(302) 442-7010 telephone
(303) 442-7012 facsimile
rlemisch@beneschlaw.com

– and –

Barry L. Wilkie, Esq.
Stuart N. Bennett, Esq.
**JONES & KELLER, P.C**
1999 Broadway, Suite 3150
Denver, CO  80202
(303) 573-1600 telephone
(303) 573-8133 facsimile
bwilkie@joneskeller.com

*Counsel to BWAB Limited Liability Company*