# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :   Chapter 11
                                          :
DELTA PETROLEUM CORPORATION,              :   Case No. 11-14006 (KJC)
et al.,                                   :
                                          :   Jointly Administered
                  Debtors.                :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
DELTA PETROLEUM GENERAL                   :
RECOVERY TRUST                            :
and                                       :
PAR PETROLEUM CORPORATION,                :
                                          :   Adv. Pro. No. 12-50898 (KJC)
                  Plaintiffs,             :
                                          :
      v.                                  :
                                          :
BWAB LIMITED LIABILITY                    :
COMPANY,                                  :
                                          :
                  Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

### PLAINTIFFS' OBJECTION TO BWAB'S MOTION TO PERMIT DISCOVERY PURSUANT TO FED. R. BANKR. P. 7056 AND FED. R. CIV. P. 56(d) PRIOR TO DECISION REGARDING PLAINTIFFS' <u>MOTION FOR SUMMARY JUDGMENT</u>

Delta Petroleum General Recovery Trust (the "Trust") and Par Petroleum Corporation ("Par," and with the Trust, "Plaintiffs"), by their undersigned counsel, hereby object to BWAB's Motion to Permit Discovery Pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56(d) Prior to Decision Regarding Plaintiffs' Motion for Summary Judgment (Docket No. 45) (the "Motion") and the Declaration

of Barry L. Wilkie in support of the Motion (the "Declaration"). In support of their objection, Plaintiffs respectfully represent as follows:

## PRELIMINARY STATEMENT[1]

BWAB Limited Liability Company ("BWAB") complains that "Plaintiffs' rush to summary judgment is premature, especially in light of their recalcitrance to produce relevant documents." (Motion at 7) Thus, the thrust of the Motion is that BWAB wants "discovery and supplemental briefing" on Plaintiffs' summary judgment motion to "continue for an additional ninety days prior to [the Court] otherwise ruling on Plaintiffs' Motion[.]" (Motion at 3) But BWAB conveniently ignores that (i) Plaintiffs filed their summary judgment motion as expressly permitted under the scheduling orders that BWAB itself negotiated and agreed to, (ii) under those same orders, BWAB can take whatever discovery it needs, so long as it is completed by May 31, 2013, yet (iii) BWAB sat on its hands for months and failed to notice any discovery until it filed the instant Motion and its response to Plaintiffs' summary judgment motion.

These indisputable facts reveal BWAB's Motion for what it truly is – a tactical effort to obfuscate and delay the day of reckoning on the merits of Plaintiffs' claims. The Motion should be denied, and the Court should proceed expeditiously to hear, determine, and grant Plaintiffs' summary judgment motion.

---

[1] Terms not otherwise defined herein shall have the meanings ascribed to them in Plaintiffs' summary judgment motion.

**BACKGROUND**

On September 26, 2012, the Trust, on behalf of itself and Par and its affiliates, filed an adversary complaint against BWAB. (Adv. D.I. 1) On October 25, 2012, BWAB answered and asserted affirmative defenses. (Adv. D.I. 5) On January 4, 2013, Plaintiffs filed an amended complaint (which, among other things, added Par as a plaintiff) (cited as "Compl. ¶ __") (Adv. D.I. 22), to which BWAB filed its answer, affirmative defenses and counterclaims on January 18, 2013.[2] (Adv. D.I. 25)

BWAB and Plaintiffs negotiated and agreed to a stipulated scheduling order, entered by the Court on December 26, 2012 (Adv. D.I. 19), which provided (¶ 10) that "any party [can] fil[e] a dispositive motion prior to the close of all discovery[.]" As BWAB notes (Motion at 3), Plaintiffs served their Rule 26 initial disclosures on January 16, 2013, as required under the scheduling order.[3] The parties subsequently agreed to an amended scheduling order, entered by the Court on

---

[2] On January 30, 2013, BWAB filed an amended answer, affirmative defenses and counterclaims (Adv. D.I. 29), but the only substantive change was the addition of a set-off affirmative defense.

[3] The Motion (at 3) also claims, incorrectly, that Plaintiffs' "disclosures stated that copies of [Plaintiffs'] disclosed documents could be obtained by contacting Plaintiffs' counsel." Rather, as Rule 26(a)(1)(ii) provides, Plaintiffs' disclosures (at p. 6) "provide[d] to [BWAB] … a description by category and location … of all documents … that [Plaintiffs] ha[ve] in [their] possession, custody, or control and may use to support [their] claims or defenses[.]" Nothing in Rule 26 required Plaintiffs to produce these documents, or any others, to BWAB absent a proper document request under Rule 34, and Plaintiffs' initial disclosures did not otherwise volunteer to do so. Nevertheless, as BWAB admits (Motion at 4), Plaintiffs did in fact provide copies of their initial disclosure documents – some 2,400 pages' worth – in response to BWAB's informal requests.

3

February 25, 2013 (Adv. D.I. 40), requiring fact discovery to be completed by May 31, 2013.

On February 12, 2013, Plaintiffs moved for summary judgment and filed their opening memorandum of law and supporting declarations. (Adv. D.I. 34-37)  BWAB requested an additional two weeks (for a total of one month) to respond to the summary judgment motion, and Plaintiffs agreed. (Adv. D.I. 41, 42)

During the two and a half months following entry of the December 26th scheduling order, BWAB sought no formal discovery whatsoever.  Finally, on March 11, 2013 – the day before BWAB's response to Plaintiffs' summary judgment motion was due – BWAB served Plaintiffs with written discovery requests.[4] (Adv. D.I. 43)  By this Motion, BWAB now seeks, without good cause, to forestall Plaintiffs' summary judgment motion and extend the agreed upon and Court-ordered discovery completion date.  As explained below, the Motion should be denied.

---

[4] In weighing BWAB's assertion that Plaintiffs "have not provided discovery that is pertinent to BWAB's defenses" (Motion at 2), the Court should consider when BWAB requested the discovery it is complaining about, and the fact that Plaintiffs' responses to it are not yet due.

4

**ARGUMENT**

**I.      The Discovery BWAB Seeks Is Not Necessary For Disposition Of Plaintiffs' Summary Judgment Motion.**

As BWAB acknowledges, "[a] Rule 56(d) motion 'must specify what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'" Motion at 6 (*quoting Superior Offshore Int'l, Inc. v. Bristow Group, Inc.*, 2011 WL 2516522 at *10 (D. Del. 2011)); *see also Hancock Industries v. Schaeffer,* 811 F.2d 225, 230 (3d Cir. 1987) (motion insufficient because it failed to explain need for discovery and to identify particular facts hoped to be uncovered).  Instead of specifying exactly what information is sought and how it would preclude summary judgment, BWAB provides only conjecture and speculation.

While acknowledging that Plaintiffs, in response to BWAB's informal document requests, have produced documents concerning the manner in which Delta received payments from Whiting, BWAB complains that "it is unknown whether and to what extent other documents may exist."  (Motion at 8)  This bald insinuation – based on nothing more than BWAB's self-induced ignorance and tactical decision not to pursue discovery for as long as possible – does not justify a delay in considering Plaintiffs' summary judgment motion.

Next, BWAB theorizes that *if* there are documents that it now seeks which demonstrate that Whiting earmarked the precise amount Delta was to pay

5

BWAB, those documents would contradict Plaintiffs' claim. (Motion at 8) This is pure speculation and is unsupported by even a cursory review of the documents Plaintiffs have produced to date. "A court can reject a request for discovery, even if properly and timely made through a Rule 56(f) [now Rule 56(d)] affidavit, if it deems the request to be based on speculation as to what potentially could be discovered." *Paddington Ptrs. v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994).

Here, BWAB relies on just such speculation. The documents Plaintiffs have produced, from early 2010 to late 2012, show that Whiting's account ledger calculated only the amount payable to or from Delta, and Delta itself calculated the amount attributable to BWAB's interest. There is no indication that documents showing any other arrangement exist. And even if such documents did exist, BWAB fails to explain how such parole evidence could defeat Plaintiffs' summary judgment motion based on the clear, unambiguous language of the operative agreements.

Alternatively, BWAB hypothesizes that "if the documents show that the calculation was left to Delta to perform, it would bolster BWAB's affirmative defenses of estoppel, laches, unclean hands, waiver, ratification and account stated…." (Motion at 8) BWAB needs no discovery on this – Plaintiffs have admitted this fact (Compl. ¶ 37), and the documents they already have provided to BWAB so show. Thus, BWAB is free to make whatever arguments it wishes from this fact in opposing summary judgment, and does not need any delay to do so.

BWAB also seeks communications between Whiting and Delta to determine whether, when the assignment of the 1999 interest to BWAB was negotiated, the parties considered the conveyance to be a real property interest. (Motion at 8)  Here again, BWAB relies upon pure speculation that documents supporting its position exist, but even if they did, they are not relevant to the Court's interpretation, as a matter of law, of the unambiguous agreements at issue.

Thus, BWAB offers no justification for its request to delay consideration of Plaintiffs' summary judgment motion, and completion of whatever discovery it wants to take, past the agreed, and Court-ordered, May 31st deadline. The Motion should be denied.

## II.     Disposition Of The Summary Judgment Motion Should Not Be Held In Abeyance Solely To Fix The Amount Of The Prepetition Excess Payments.

Most of BWAB's requests for discovery seek to determine the correct calculation of the prepetition payments made on account of its 1994 interest. (Declaration ¶ 14)  BWAB seeks to depose Seth Bullock, Plaintiffs' declarant, and is free to do so within the time provided in the amended scheduling order, but that discovery is not necessary to decide Plaintiffs' summary judgment motion.

As the summary judgment motion sets forth, the principal issue on Plaintiffs' excess payments claim against BWAB is whether Delta misapplied the contractual formula in determining the payments made to BWAB.  What the contractual formula requires is fundamentally a question of law for the Court to

7

decide based on the plain language of the controlling agreement. Once that is determined – and Plaintiffs have explained precisely how they believe the contract works in their summary judgment papers – the mechanical application of that formula to determine the proper amount of the monthly payments that should have been made likely will be agreed to by the parties or, if not, can be reserved for a trial on that limited issue.[5] Thus, BWAB's desire to take discovery into the calculation of Plaintiffs' excess payments damages does not support delaying the Court's consideration of their summary judgment motion.

BWAB also seeks to depose Kevin Nanke, a former Delta officer, for his opinion on whether there was a "miscalculation in Delta's payments to BWAB," and his testimony "as to why Delta supposedly paid miscalculated amounts for thirteen years, which could bolster BWAB's affirmative defenses of – *inter alia* – waiver, laches, and account stated." (Motion at 9) Once again, while Plaintiffs do not dispute BWAB's right to take this deposition if it wants to, Mr. Nanke's parole opinion on these issues has no bearing on the legal meaning and effect of the unambiguous 1994 agreement. As for BWAB's equitable affirmative defenses, it can press them on its own summary judgment motion, if it chooses to make one, or at trial. But that is no reason delay consideration of Plaintiffs' summary judgment motion, which will substantially narrow the issues for trial.

---

[5] In the meantime, BWAB is free to depose Mr. Bullock and have him explain his math on Plaintiffs' excess payment calculations, and Plaintiffs have agreed to produce him as requested by BWAB.

Plaintiffs are entitled to summary judgment for the reasons set forth in their supporting memorandum of law.  BWAB's proclaimed need for additional information is a transparent pretext to forestall the Court's determination of the central issues on the legal merits.  Its Motion should be denied.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order denying BWAB's Motion in all respects and granting Plaintiffs such other relief as is just and proper.

Dated: March 26, 2013
Wilmington, Delaware

/s/ Anthony W. Clark
Anthony W. Clark (I.D. No. 2051)
Kristhy M. Peguero (I.D. No. 4903)
Skadden, Arps, Slate, Meagher & Flom LLP
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Telephone: (302) 651-3000
Fax: (302) 651-3001

- and -

Ron E. Meisler
Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Dr.
Chicago, Illinois 60606
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel for Plaintiffs Delta Petroleum General Recovery Trust and Par Petroleum Corporation*