## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
In re:                                                      :      Chapter 11
                                                            :
DELTA PETROLEUM, et al.,                                    :      Case No. 11-14006 (KJC)
                                                            :
            Debtors.                                        :      Jointly Administered
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DELTA PETROLEUM GENERAL                                     :
RECOVERY TRUST                                              :
and                                                         :
PAR PETROLEUM CORPORATION                                   :
                                                            :      Adv. Pro. No. 12-50898 (KJC)
            Plaintiffs,                                     :
                                                            :
    v.                                                      :
                                                            :
BWAB LIMITED LIABILITY                                      :
COMPANY,                                                    :
                                                            :
            Defendant.                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## NOTICE OF DEPOSITION OF
## BWAB LIMITED LIABILITY COMPANY

PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal

Rules of Civil Procedure (the "Federal Rules"), made applicable to the above captioned

adversary proceeding pursuant to Federal Rule 7030 of the Federal Rules of Bankruptcy

Procedure, Plaintiffs, by and through their undersigned counsel, will take the deposition

upon oral examination of BWAB Limited Liability Company ("BWAB") by a person

having knowledge of topics set forth in Schedule A attached, before a notary public or

other officer before whom depositions may be taken at the offices of Jones & Keller, P.C.,

1999 Broadway, Suite 3150, Denver, Colorado on June 7, 2013 beginning at 9:00 a.m.

(Mountain) and continuing until completed.  The aforesaid examination will commence on the date and time set forth above and will continue from day to day thereafter, or upon such adjourned dates as may be agreed upon by the parties, until concluded.

Pursuant to Federal Rule 30(b)(6), BWAB shall designate one or more officers, directors, managing agents, or other persons to testify on its behalf.  The deposition shall be under oath and shall be recorded by stenographic, sound and/or visual means.  You are invited to attend.

Dated:  May 17, 2013
        Wilmington, Delaware

            */s/ Anthony W. Clark*
            Anthony W. Clark (I.D. No. 2051)
            Kristhy M. Peguero (I.D. No. 4903)
            Skadden, Arps, Slate, Meagher & Flom LLP
            One Rodney Square
            P.O. Box 636
            Wilmington, Delaware 19899-0636
            Telephone: (302) 651-3000
            Fax: (302) 651-3001

            - and -

            Ron E. Meisler
            David R. Pehlke
            Skadden, Arps, Slate, Meagher & Flom LLP
            155 N. Wacker Dr.
            Chicago, Illinois 60606
            Telephone: (312) 407-0700
            Fax: (312) 407-0411

            *Counsel for Plaintiffs Delta Petroleum General Recovery Trust
            and Par Petroleum Corporation*

## SCHEDULE A

PLEASE TAKE NOTICE THAT pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Plaintiffs will take the deposition upon oral examination of BWAB by a person having knowledge of topics set forth below, before a notary public or other officer before whom depositions may be taken at the offices of Jones & Keller, P.C., 1999 Broadway, Suite 3150, Denver, Colorado on June 7, 2013 beginning at 9:00 a.m. (Mountain) and continuing until completed, or as may otherwise be agreed by the parties.

## DEFINITIONS

A.      "1994 Agreement" shall mean the agreement between Whiting and BWAB described in paragraph 36 of the Complaint.

B.      "1994 Interest" shall mean the interest described in paragraph 35 of the Complaint.

C.      "1997 Agreement" shall mean the agreement between Whiting and BWAB, dated June 25, 1997, described in paragraph 15 of the Roitman Declaration.

D.      "1999 Agreement" shall mean the agreement between Delta and BWAB described in paragraph 34 of the Complaint.

E.      "1999 Interest" shall mean the interest described in paragraph 33 of the Complaint.

F.      "Adversary Case" shall mean *Delta Petroleum General Recovery Trust and Par Petroleum Corporation v. BWAB Limited Liability Company*, Adv. Pro. No. 12-50898 (KJC).

3

G.    "Affirmative Defenses" shall mean the affirmative defenses asserted by BWAB in its Answer.

H.    "Agreements" shall refer collectively to the 1994 Agreement and the 1999 Agreement.

I.    "And" and "or" shall be construed to be either conjunctive or disjunctive as the context requires so that each Interrogatory shall be construed broadly rather than narrowly.

J.    "Answer" shall mean the amended answer to the Complaint filed by BWAB on January 30, 2013.

K.    "BWAB" or "Defendant" shall refer collectively to BWAB Limited Liability Company and its present and former affiliates, present and former subsidiaries, present and former directors, present and former officers, present and former advisors, present and former employees, and any Person acting or purporting to act on its individual or collective behalf.

L.    "Chapter 11 Cases"  shall mean the above-captioned jointly administered chapter 11 cases.

M.    "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by any means, including but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more Persons, including in person or by telephone, facsimile, telegraph, telex, letter, e-mail or other medium.

N.    "Complaint" refers to the amended complaint filed by Plaintiffs in the Adversary Case on January 4, 2013.

O.    "Counterclaims" refers to the counterclaims filed by BWAB in the Adversary

4

Case on January 30, 2013.

     P.     "Delta" shall mean Delta Petroleum Corporation.

     Q.     "Delta Petroleum Trust" shall mean Delta Petroleum General Recovery Trust.

     R.     "Document" shall have the broadest meaning possible under the Federal Rules of Civil Procedure, including but not limited to all originals, non-identical copies and drafts of any written, printed, handwritten, recorded or graphic matter of any kind, however produced or reproduced, and regardless of where located, including but not limited to any Communication, work paper, correspondence, memorandum, note, research, checklist, opinion, minutes, inter-office or intra-office communications, e-mail (including information or programs stored in a computer, whether or not ever printed out or displayed), photograph, microfiche, microfilm, videotape, record or motion picture, and electronic, mechanical, or electrical record or representation of any kind, including but not limited to tape, cassette, disc, magnetic card or recording. "Document" shall also include the file folders in which said Documents are maintained and any table of contents or index thereto, and copies of documents of which the originals have been destroyed pursuant to a document destruction policy or otherwise.

     S.     "Document Requests" shall mean the Plaintiffs' First Request for Production of Documents directed to Defendant BWAB, dated April 24, 2013.

     T.     "Evidence" or "evidencing" means the usual and customary definitions ascribed thereto, and includes without limitation each of the following meanings: proves or proving, shows or showing, indicates or indicating, specifies or specifying, designates or designating, implies or implying, infers or inferring, supports or supporting, tends to support or tending to support.

U.    "Excess Payments" shall mean the Excess Payments defined in paragraph 37 of the Complaint.

V.    "Interrogatories" shall mean Plaintiffs' First Set of Interrogatories to Defendant BWAB Limited Liability Company, dated April 24, 2013.

W.    "Larson Declaration" shall mean the Declaration of Aleron H. Larson Jr. in Support of BWAB's Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and Fed. R. Bank. P. 7056 filed by BWAB on March 12, 2013.

X.    "Par" or "Reorganized Debtors" shall mean Par Petroleum Corporation and its affiliates.

Y.    "Person" shall mean, without limitation, any natural person, firm, sole proprietorship, partnership, corporation, association, trust, governmental body or agency, and all past and present officers, directors, employees and agents, along with all others acting or purporting to act on such Person's behalf.

Z.    "Plaintiffs" shall mean Delta Petroleum Trust and Par.

AA.    "Post-Petition Payments" shall mean the Post-Petition Payments described in paragraph 38 of the Complaint.

BB.    "Rappleye Declaration" shall mean the Declaration of Fred Gaynor Rappleye, II in Support of BWAB's Memorandum of Law in Opposition to Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and Fed. R. Bank. P. 7056 filed by BWAB on March 12, 2013.

CC.    "Roitman Declaration" shall mean the Declaration of Steven Roitman in Support of BWAB's Memorandum of Law in Opposition to Plaintiff's Motion for Summary

Judgment Pursuant to Fed. R. Civ. P. 56 and Fed. R. Bank. P. 7056 filed by BWAB on March 12, 2013.

DD.    "Rule 56(d) Motion" shall mean BWAB's Motion to Permit Discovery Pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56(d) Prior to Decision Regarding Plaintiffs' Motion for Summary Judgment (Adv. D.I. 34) (Docket No. 45); Plaintiffs' Objection to BWAB's Motion to Permit Discovery Pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56(d) Prior to Decision Regarding Plaintiffs' Motion for Summary Judgment (Docket No. 48); and BWAB's Reply in Support of its Motion to Permit Discovery Pursuant to Fed. R. Bankr. P. 7056 and Fed. R. Civ. P. 56(d) Prior to Decision Regarding Plaintiffs' Motion for Summary Judgment (Adv. D.I. 34, 45) (Docket No. 51).

EE.    "Summary Judgment Motion" shall mean the Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056 (Docket No. 34); Memorandum of Law In Support Of Plaintiffs' Motion for Summary Judgment (Docket No. 35); Declaration of Seth Bullock in Support of Plaintiffs' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056 (Docket No. 36); Declaration of Petru Corporation in Support of Plaintiffs' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056 (Docket No. 37); BWAB's Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056 (Docket No. 44); and Reply Memorandum in Support of Plaintiffs' Motion for Summary Judgment (Docket No. 52).

FF.    "Unit Agreement" shall mean the agreement among the working interest owners in Point Arguello described in paragraph 12 of BWAB's Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56

and Fed. R. Bankr. P. 7056.

GG.    "Whiting Agreements" shall mean the agreements between Delta and Whiting Petroleum Corporation described in paragraph 31 of the Complaint.

## DEPOSITION TOPICS

1.    The claims and allegations asserted in the Complaint.

2.    BWAB's defenses to the claims and allegations in the Complaint.

3.    The claims and allegations asserted in the Counterclaims.

4.    Plaintiffs' defenses to the claims and allegations in the Counterclaims.

5.    The Summary Judgment Motion and Rule 56(d) Motion, including all statements and allegations made therein.

6.    The negotiation, interpretation, obligations and/or performance under the (1) 1994 Agreement, (2) 1997 Agreement, and (3) 1999 Agreement.

7.    The negotiation, interpretation, obligations and/or performance under the (1) Whiting Agreements, and (2) Unit Agreement.

8.    BWAB's failure to record the 1999 Interest.

9.    The Chapter 11 Cases, including the (1) motion filed at docket no. 9 and the orders entered at docket nos. 66 and 296, (2) the schedule of assets and liabilities filed at docket no. 140, (3) the bar date order entered at docket no. 303 and any related notices, and (4) the confirmed plan of reorganization and any related notices.

10.    BWAB's failure to file a proof of claim on account of the 1994 Interest, the 1999 Interest and/or the Agreements.

11.    Payments Delta received from Whiting in connection with the Whiting Agreements.

12.    Payments due or made under or in connection with the 1994 Interest, the 1999 Interest or the Agreements, including the Excess Payments.

13.    Any alleged benefit or value BWAB contends it provided to the Debtors in exchange for the Post-Petition Payments.

14.     BWAB's attempts to obtain payment of the 1994 Interest and/or the 1999 Interest directly from Whiting rather than through Par.

15.     Any damages BWAB alleges it sustained.

16.     The subjects identified in the Interrogatories.

17.     All Documents, testimony and other Evidence upon which BWAB intends to rely at the hearing on the Summary Judgment Motion and Rule 56(d) Motion and at trial.

18.     The Roitman Declaration, including all statements and allegations made therein.

19.     The Larson Declaration, including all statements and allegations made therein.

20.     The Rappleye Declaration, including all statements and allegations made therein.

9