# Exhibit C to BWAB's Cross Motion

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                  :

In re:                    :      Chapter 11
                  :

DELTA PETROLEUM, et al.,    :      Case No. 11-14006 (KJC)
                  :

          Debtors.      :      Jointly Administered
                  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DELTA PETROLEUM GENERAL   :
RECOVERY TRUST         :
and                   :
PAR PETROLEUM CORPORATION :
                  :
          Plaintiffs,  :      Adv. Pro. No. 12-50898 (KJC)
                  :

     v.                 :
                  :

BWAB LIMITED LIABILITY     :
COMPANY,               :
                  :
          Defendant.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**RESPONSES AND OBJECTIONS TO BWAB LIMITED LIABILITY**
**COMPANY'S FIRST SET OF WRITTEN DISCOVERY REQUESTS TO**
**DELTA PETROLEUM GENERAL RECOVERY TRUST**

        Delta Petroleum General Recovery Trust (the "Trust") and Par Petroleum

Corporation ("Par," and with the Trust, "Plaintiffs"), by and through their undersigned

counsel, hereby object and respond to the First Set of Written Discovery Requests to

Delta Petroleum General Recovery Trust (the "Requests"), of BWAB Limited Liability

Company ("BWAB"), dated March 11, 2013, including the instructions and definitions

therein, and respectfully state as follows:

## <u>GENERAL OBJECTIONS TO THE REQUESTS</u>

The following General Objections, which are incorporated into each of the specific Responses below as if fully set forth therein and are not waived, or in any way limited by, the Specific Objections and Responses, are set forth here to avoid the duplication and repetition of restating them for each individual response.  Certain General Objections may be specifically repeated in individual responses for purposes of emphasis.

In the event any information falling within one of more of these objections is disclosed in response to the Requests, the disclosure is inadvertent and is not a waiver of the objection.  Any response indicating that information and/or documents of a certain type will be produced is not a representation that any such information and/or documents exist or that Plaintiffs have knowledge of the subject matter set forth in the Requests. The objections and responses herein are based on Plaintiffs' present knowledge, information, and belief, and Plaintiffs reserve the right to amend, revise, correct, supplement, and clarify any of the objections or responses herein.

Notwithstanding, and without waiving, the objections set forth herein, Plaintiffs are prepared to meet and confer in good faith regarding the Requests and the responses and objections herein to resolve any matters in dispute with respect thereto.  In particular, where an objection is made on the ground that a specific Request is vague or ambiguous, Plaintiffs will meet and confer regarding the meaning and scope of the Request, and where an objection is made on the ground that a specific Request is overbroad or unduly burdensome or seeks information or documents that are neither relevant to the claims or defenses of any party to this matter nor reasonably calculated to lead to the

discovery of admissible evidence, Plaintiffs are willing to meet and confer regarding reasonable limitations on the scope of the Request.

     A.    Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent they purport to impose upon Plaintiffs any duty to respond to the Requests other than, or beyond, that required by the Federal Rules of Civil Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware.

     B.    Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent they seek communications, identification of documents or any other discovery that is protected by the attorney-client privilege, the accountant-client privilege, the joint defense privilege, the work product doctrine or any other applicable privilege or immunity.

     C.    Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent they purport to impose upon Plaintiffs a duty to produce information and/or documents that are not in Plaintiffs' possession, custody and control, on the grounds that they are overly broad, unduly burdensome and oppressive.

     D.    Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent they seek information and/or documents that are in the public domain and/or are in BWAB's possession and are, therefore, equally accessible to BWAB.

     E.    Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent they seek information and/or documents

that, if disclosed, would violate third persons' privacy rights or confidentiality rights and which Plaintiffs may be prohibited from disclosing.

F.     Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent they seek information and/or documents that are irrelevant to the claims asserted by the parties and not calculated to lead to the discovery of admissible evidence.

G.     Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent that they call for the production of opinions regarding facts or the application of law to facts and are therefore premature.

H.     Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent that they assume the existence of facts that do not exist and the occurrence of events that did not occur.  Any response of Plaintiffs to any individual numbered Request is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Request is accurate.

I.     Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent that they assume the accuracy of certain legal conclusions.  Any use of BWAB's defined terms is for ease of reference only and is not intended to be, and shall not be construed as, an admission that Plaintiffs accept or agree with BWAB's definitions of such terms or anything assumed by the definitions of those terms.

J.     Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent the information sought is not reasonably

4

accessible to Plaintiffs, and thus the Requests are overly broad, unduly burdensome, oppressive and harassing.  The burden and expense of accessing, reviewing and producing information and/or documents in response to a Request that is not reasonably accessible outweighs the possible relevance of the Request and is not likely to lead to the discovery of admissible evidence.

K.    Plaintiffs' responses are made without waiving and subject to: (1) the right to object on any grounds, including, but not limited to, competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose in any subsequent proceeding in this action or any other action; and (2) the right to object, on any ground, to other discovery requests involving or relating to the subject matter of the Requests.

L.    Plaintiffs' investigation of the facts at issue in this litigation is ongoing and Plaintiffs reserve the right to supplement their response to the Requests at any point, but Plaintiffs undertake no obligation to do so.

M.    Plaintiffs object to the Requests as overly broad and unduly burdensome to the extent that they seek "any" or "all" information and/or documents relating to a given subject matter.  Plaintiffs will not search the files of all employees in response to the Requests; Plaintiffs will identify custodians who are likely to have information and/or documents relevant to this action and will make a reasonable, good faith search of the accessible hardcopy and electronic files and locations that Plaintiffs believe could contain information and/or documents responsive to the Requests.  Plaintiffs will provide non-privileged information and/or documents located during that search in accordance with these General Objections and the Specific Objections set forth below.

N.    Plaintiffs object to the Requests insofar as they purport to seek

5

confidential or proprietary commercial or other business or personal information.  Subject to and without waiving this objection or any other objections, Plaintiffs will provide confidential or proprietary commercial or other business or personal information only after entry of an appropriate confidentiality protective order; however, pending entry of such an order, Plaintiffs are willing to exchange confidential documents and information on a litigation-counsel-eyes-only basis if BWAB agrees to do the same.

O.    The Plaintiffs object to the Requests to the extent they purport to impose an obligation to produce transient or dynamic data, such as metadata, RAM, cookies or data on dynamic databases, because such data is not relevant to the action and efforts to produce such data would require an undue burden, impose extreme hardship, and result in the expenditure of unnecessary time and resources.

P.    The Plaintiffs object to the Requests to the extent they purport to require production of electronically stored information ("ESI") that is not stored on its active systems, but is stored on systems, backup tapes, and other media that are no longer part of its normal business operations.  Such ESI is not reasonably accessible and likely is duplicative of ESI available from other more readily available sources.  Because of the cost associated with accessing these data sources, the Plaintiffs object to searching them in response to the Requests.

Q.    The Plaintiffs object to the Requests to the extent they purport to impose an obligation to produce ESI from disaster recovery systems.  The Plaintiffs reasonably believe that such ESI is not readily accessible due to the undue burden and cost associated with recovering ESI from those sources, and, in light of the short retention periods of its disaster recovery systems, is likely duplicative of information stored on its

active file systems in any event.  Accordingly, the Plaintiffs object to searching disaster recovery systems in response to the Requests.

R.    Plaintiffs object to the failure of the Requests to the extent that they fail to specify an applicable time period as overly broad, unduly burdensome and oppressive.  The burden and expense of accessing, reviewing and producing information and/or documents in response to a Request without a reasonable applicable time period outweighs any possible relevance of such Request and is not likely to lead to the discovery of admissible evidence.

Plaintiffs respond and further object to the individual Interrogatories and Requests as set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE INTERROGATORIES

Interrogatory No. 1:

Identify each agreement among the working interest owners of the Point A Unit relating to the formation and/or operation of the Unit and all documents assigning any interest therein to Delta, Delta's assumption of any obligations thereunder and any working interest owners consent [sic] to Delta's assumption of such obligations, and every document evidencing those agreements, assumptions, and consents.

Response to Interrogatory No. 1:

Plaintiffs further object to this Interrogatory on the grounds that the phrases "working interest owners," "relating to," "formation and/or operation," "assigning any interest," "assumption of any obligations," and "evidencing" are vague and ambiguous.  Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged documents to BWAB at the appropriate time from which information responsive to this Interrogatory and relevant to the claims and defenses of the parties may be derived or ascertained.  Subject to the foregoing objections and the General Objections, Plaintiffs

respond that they have produced the following documents which provide responsive

information: DPT002100-DPT002200, DPT002294-DPT002350, DPT002428-

DPT002457.

Interrogatory No. 2:

        Identify each assignment to Delta of any interest in the Point A Unit, any
consent to such assignment by any working interest owner and the recording or filing
information, if any, where such assignment was recorded in the real property records of
any United States state county [sic] or filed with any federal agency.

Response to Interrogatory No. 2:

        Plaintiffs further object to this Interrogatory insofar as it is duplicative of

other Interrogatories.  Plaintiffs further object to this Interrogatory on the grounds that the

phrases "any interest in the Point A Unit," "any working interest owner" and "any United

States state county" are vague and ambiguous.  Plaintiffs further object to this

Interrogatory to the extent it purports to require Plaintiffs to perform a search of the real

property records or federal agency filings and then identify the requested information

and/or documents for BWAB.  Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide

non-privileged documents to BWAB at the appropriate time from which information

responsive to this Interrogatory and relevant to the claims and defenses of the parties may

be derived or ascertained.  Subject to the foregoing objections and the General

Objections, Plaintiffs respond that the assignment from Whiting to Delta was a "net

operating interest," which is not a real property interest, and that such interest was not,

nor need have been, recorded in the real property records of any United States state or

county or filed with any federal agency.  Plaintiffs further respond that they have

produced the following documents which provide responsive information: DPT002294-

DPT002350, DPT002428-DPT002457.

Interrogatory No. 3:

If any conveyances of interests have occurred since 1994 which affect the 1994 BWAB ORRI, 1999 BWAB ORRI, and 1999 Larson ORRI, please describe those conveyances and identify all documents evidencing those conveyances.

Response to Interrogatory No. 3:

Plaintiffs further object to this Interrogatory on the grounds that the phrases "conveyances of interests," "affect" and "evidencing" are vague and ambiguous. Plaintiffs further object to the use of the defined terms "1994 BWAB ORRI," "1999 BWAB ORRI," and "1999 Larson ORRI," as such terms assume that the operative agreements conveyed an overriding royalty interest when they did not. Subject to the foregoing objections and the General Objections, Plaintiffs respond that in 1999, Delta and Whiting[1] entered into the Purchase Agreement, Amendment and Conveyance Agreement, pursuant to which Delta acquired Whiting's non-real property interest in the Leases. Plaintiffs further respond that they have produced the following documents which provide additional responsive information: DPT002294-DPT002350, DPT002428-DPT002457. Plaintiffs further respond that, in 1999, additional interests related to the Leases were conveyed to BWAB, Larson, Parker and Kaiser-Francis Oil Company ("Kaiser-Francis").

Interrogatory No. 4:

If you contend that any subsequent conveyance affected the interests granted by the 1994 BWAB ORRI, describe in detail the effect of the subsequent conveyance on the earlier ORRI and identify all documents supporting your contention.

---

[1]    Terms not otherwise defined in the Requests shall have the meanings ascribed to them in Plaintiffs' summary judgment motion.

Response to Interrogatory No. 4:

Plaintiffs further object to this Interrogatory on the grounds that the phrases "subsequent conveyance," "affected" and "effect" are vague and ambiguous. Plaintiffs further object to the use of the defined term "1994 BWAB ORRI," as such term assumes that the operative agreement conveyed an overriding royalty interest when it did not. Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged documents to BWAB at the appropriate time from which information responsive to this Interrogatory and relevant to the claims and defenses of the parties may be derived or ascertained. Subject to the foregoing objections and the General Objections, Plaintiffs respond that BWAB's 1994 interest was a right to share in money collected by Whiting (and, thereafter, by Delta when it acquired its non-real property Lease interests from Whiting in 1999) on account of its interest in the leased premises. BWAB's right to payment under its 1994 interest was reduced in 1999, in accordance with the formula outlined in the 1994 Agreement, as a result of the conveyances of additional interests related to the Leases to BWAB, Larson, Parker and Kaiser-Francis. Plaintiffs further respond that they have produced the following documents which provide additional responsive information: DPT002294-DPT002350, DPT002428-DPT002457.

Interrogatory No. 5:

Did Delta's representatives attend meetings or participate in telephone conferences, with one or more of the working interest owners as to operations on the Point A Unit, or provide any input into decisions with respect to operations by the working interest owners? If Delta provided any input into such decisions, describe how and by whom was such [sic] information provided and identify all documents reflecting that input, including minutes of any operating committee or other meeting of working interest owners.

Response to Interrogatory No. 5:

   Plaintiffs further object to this Interrogatory on the grounds that the

phrases "reflecting," "working interest owners," "operations on the Point A Unit," and

"input into decisions with respect to operations by the working interest owners" are vague

and ambiguous.  Subject to the foregoing objections and the General Objections,

Plaintiffs respond that there have been no such meetings or telephone conferences

involving Plaintiffs, and Plaintiffs are without knowledge or information sufficient to

form a belief as to whether the Debtors may have participated in any such meetings or

telephone conferences.

Interrogatory No. 6:

   Identify all documents that evidence any transfer of funds from Whiting to
Delta from 1999 to the present with respect to the Point A Unit, including all wire
transfers, checks, vouchers, invoices, billing statements, account records, and cover
letters transmitting same.

Response to Interrogatory No. 6:

   Plaintiffs further object to this Interrogatory on the grounds that the phrase

"evidence any transfer of funds" is vague and ambiguous.  Pursuant to Fed. R. Civ. P.

33(d), Plaintiffs will provide non-privileged documents to BWAB at the appropriate time

from which information responsive to this Interrogatory and relevant to the claims and

defenses of the parties may be derived or ascertained.  Subject to the foregoing objections

and the General Objections, Plaintiffs respond that they have produced the following

documents which provide responsive information: DPT00028-DPT000067, DPT002351-

DPT002401.

Interrogatory No. 7:

        Identify all documents evidencing amounts due to Delta, Larson or BWAB from 1994 to the present from the sale of oil and gas produced by the Point A Properties.

Response to Interrogatory No. 7:

        Plaintiffs further object to this Interrogatory on the grounds that the terms "evidencing" and "due" are vague and ambiguous.  Plaintiffs further object to this Interrogatory insofar as it is duplicative of other Interrogatories.  Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged documents to BWAB at the appropriate time from which information responsive to this Interrogatory and relevant to the claims and defenses of the parties may be derived or ascertained.  Subject to the foregoing objections and the General Objections, Plaintiffs respond that they have produced the following documents which provide responsive information regarding the payments made to Delta, Larson and/or BWAB: DPT000010-DPT000027, DPT00028-DPT000067, DPT002351-DPT002401.

Interrogatory No. 8:

        Identify all documents on which you rely in support of any claim that any ORRI owner was overpaid with respect to its interest in the production from the Point A properties.

Response to Interrogatory No. 8:

        Plaintiffs further object to this Interrogatory on the grounds that the phrase "any ORRI owner" is vague and ambiguous, and assumes a disputed legal conclusion. Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged documents to BWAB at the appropriate time from which information responsive to this Interrogatory and relevant to the claims and defenses of the parties may be derived or ascertained. Subject to the foregoing objections and the General Objections, Plaintiffs respond that

they have produced the following documents which provide responsive information

regarding the excess payments made to BWAB and Larson: DPT002294-DPT002350,

DPT002428-DPT002457, DPT002402-DPT002415, DPT002416-DPT002427,

DPT002458-DPT002463.

Interrogatory No. 9:

        Have you or did Delta received [sic] any conveyance of any interest
relating to the Point A Properties from Whiting other than the 1999 NOI?  If so, please
describe the conveyance and identify all documents evidencing the conveyance.

Response to Interrogatory No. 9:

        Plaintiffs further object to this Interrogatory on the grounds that the

phrases "any conveyance of any interest," "relating to" and "evidencing" are vague and

ambiguous.  Subject to the foregoing objections and the General Objections, Plaintiffs

respond that they have not received any conveyance from Whiting other than the 1999

NOI.

Interrogatory No. 10:

        Please describe, including date and amount, all payments related to any
overriding royalty interests in oil or natural gas production in the Point A Unit which
Delta distributed and describe how those interests were calculated.

Response to Interrogatory No. 10:

        Plaintiffs further object to this Interrogatory on the grounds that the phrase

"related to" is vague and ambiguous.  Plaintiffs further object to this Interrogatory on the

grounds that the phrase "overriding royalty interest" assumes a disputed legal conclusion.

Plaintiffs further object to this Interrogatory insofar as it is duplicative of other

Interrogatories.  Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged

documents to BWAB at the appropriate time from which information responsive to this

Interrogatory and relevant to the claims and defenses of the parties may be derived or

ascertained.  Subject to the foregoing objections and the General Objections, Plaintiffs

respond that they have produced the following documents which provide responsive

information regarding the payments Delta made in connection with the Parker, Larson

and BWAB interests: DPT00001-DPT000027.  Plaintiffs further respond that ORRI

payments are calculated by entering the production and revenue information received (on

a net basis – net meaning subject to the Delta working interest of 6.06521% only) from

Whiting into the accounting system.  Standard oil and gas accounting procedure is to

"gross up" data to a 100% (or 8/8ths) basis such that field level accounting statements

can be provided.  Consistent with standard oil and gas accounting practice, data provided

by Whiting are grossed up on an 8/8ths basis.  Since the contractual ORRI rate applies

only to Delta's net interest in the field, the ORRI rate is reduced by Delta's working

interest by the accounting system.  This process results in the calculation of all of the

ORRI payments due.

Interrogatory No. 11:

        Please describe, including date and amount, all overriding royalty interests
in oil or natural gas production in the Point A Unit—such as the Francis ORRI—which
Delta continued to pay during the pendency of its bankruptcy.

Response to Interrogatory No. 11:

        Plaintiffs further object to this Interrogatory on the grounds that the phrase

"overriding royalty interest" assumes a disputed legal conclusion.  Plaintiffs further

object to this Interrogatory insofar as it is duplicative of other Interrogatories.  Plaintiffs

further direct BWAB to the Excess Payments Chart, attached as Exhibit F to the

Declaration of Seth Bullock in Support of the Plaintiffs' Motion for Summary Judgment

Pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056, and produced at Bates Nos.

DPT002416-DPT002427, and the response to Interrogatory No. 10.

Interrogatory No. 12:

Please describe, including date and amount, all overriding royalty interests in oil or natural gas production in the Point A Unit—such as the Francis ORRI—which Reorganized Debtors continued to pay after August 31, 2012, and identify all documents evidencing those overriding royalty interests and their recording in the real property records of any United States state or county or filing with any federal agency.

Response to Interrogatory No. 12:

Plaintiffs further object to this Interrogatory on the grounds that the phrase "evidencing" is vague and ambiguous. Plaintiffs further object to this Interrogatory to the extent it purports to require Plaintiffs to perform a search of the real property records or federal agency filings and then identify the requested information and/or documents for BWAB. Plaintiffs further direct BWAB to the Excess Payments Chart, attached as Exhibit F to the Declaration of Seth Bullock in Support of the Plaintiffs' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056, and produced at Bates Nos. DPT002416-DPT002427, and the response to Interrogatory No. 10.

Interrogatory No. 13:

Please describe what information was available to a hypothetical bona fide purchaser, in the exercise of reasonable prudence, of Delta's ownership of the Point A Properties.

Response to Interrogatory No. 13:

Plaintiffs further object to this Interrogatory on the grounds that the phrase "exercise of reasonable prudence" is vague and ambiguous. Plaintiffs further object to this Interrogatory to the extent it seeks information that is in the public domain and/or in BWAB's possession and is, therefore, equally accessible to BWAB. Subject to the foregoing objections and the General Objections, Plaintiffs respond that they have produced the following documents which provide responsive information: DPT000349-

DPT002031.  Plaintiffs further respond that public records of real property interests in the Leases and the property subject thereto were available to hypothetical bona fide purchasers.

Interrogatory No. 14:

Are your responses to the requests for admission propounded to you in this case anything besides an unqualified admission? If so, please (a) identify the number of the request for admission; (b) state all facts upon which you base your response; (c) identify each person who has knowledge of those facts; (d) identify all documents and other tangible things that support your response and identify the person who has custody, possession, or control over each document or thing.

Response to Interrogatory No. 14:

The responses to Request for Admission Nos. 3 and 4 are based upon the facts set forth in the response to Interrogatory No. 1 and the documents referenced therein.  The individuals with knowledge of those facts, if any, are identified in those documents.

The response to Request for Admission Nos. 12 and 13 are based upon the facts set forth in the response to Interrogatory No. 6 and the documents referenced therein.  The individuals with knowledge of those facts, if any, are identified in those documents.

The response to Request for Admission Nos. 14, 15, 16 and 17 are based upon the facts set forth in the response to Interrogatory No. 8 and the documents referenced therein.  The individuals with knowledge of those facts, if any, are identified in those documents.

The responses to Request for Admission Nos. 19, 20, 21 and 23 are legal conclusions based upon applicable law, the operative agreements, and the Plan.

16

After reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable them to admit or deny Requests 1, 1a, 5, 6, 7, 8, 9, 11, and 18.

Interrogatory No. 15:

Set forth all calculations you have made in order to determine the amount BWAB has been overpaid in connection with the 1994 BWAB ORRI.

Response to Interrogatory No. 15:

Plaintiffs further object to this Interrogatory insofar as it is duplicative of other Interrogatories.  Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged documents to BWAB at the appropriate time from which information responsive to this Interrogatory and relevant to the claims and defenses of the parties may be derived or ascertained.  Subject to the General Objections, Plaintiffs respond that they have produced the following documents which provide responsive information: DPT002416-DPT002427.

Interrogatory No. 16:

Set forth the amount of each payment by Delta or PAR to Kaiser-Francis Oil Company, or its successor, in connections [sic] with the Francis ORRI since January 1, 2012, and include the date of each payment.

Response to Interrogatory No. 16:

Plaintiffs further object to this Interrogatory insofar as it is duplicative of other Interrogatories.  Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged documents to BWAB at the appropriate time from which information responsive to this Interrogatory and relevant to the claims and defenses of the parties may be derived or ascertained.

Interrogatory No. 17:

Please describe, including dates and amounts, the money that you have received that is attributable to the 1994 BWAB ORRI and 1999 BWAB ORRI from the time period between August 31, 2012 and December 21, 2012.

Response to Interrogatory No. 17:

Plaintiffs further object to this Interrogatory on the grounds that the phrase "attributable to" is vague and ambiguous.  Plaintiffs further object to the use of the defined terms "1994 BWAB ORRI" and "1999 BWAB ORRI," as such terms assume that the operative agreements conveyed an overriding royalty interest when they did not. Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged documents to BWAB at the appropriate time from which information responsive to this Interrogatory and relevant to the claims and defenses of the parties may be derived or ascertained.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS FOR PRODUCTION

Request for Production No. 1:

Please produce all documents identified in response to interrogatories propounded to you in this case.

Response to Request for Production No. 1:

Subject to the General Objections, Plaintiffs will produce non-privileged documents, if any, that are responsive and relevant to the claims and defenses of the parties.

Request for Production No. 2:

Produce all emails, correspondence or other written communications between Delta and Whiting relating to the Point A Unit.

Response to Request for Production No. 2:

Plaintiffs further object to this Interrogatory on the grounds that the phrase "relating to" is vague and ambiguous.  Plaintiffs further object to this Interrogatory as

overly broad and unduly burdensome as it seeks "all emails, correspondence or other written communications between Delta and Whiting relating to the Point A Unit." Plaintiffs further object to this Interrogatory to the extent it seeks documents that are irrelevant to the claims asserted by the parties and not calculated to lead to the discovery of admissible evidence.  Subject to the General Objections, Plaintiffs will produce non-privileged documents, if any, that are responsive and relevant to the claims and defenses of the parties.

Request for Production No. 3:

        With respect to the Point A Unit, produce all ledgers, books of account, accounting entries, joint interest billings, records of payments to joint interest owners, [sic] ORRI owners whether in electronic or paper format.

Response to Request for Production No. 3:

        Plaintiffs further object to this Interrogatory on the grounds that the phrases "joint interest owners" and "ORRI owners" are vague and ambiguous.  Plaintiffs further object to this Interrogatory as overly broad and unduly burdensome as it seeks "all …records of payments to joint interest owners, and ORRI owners…."  Plaintiffs further object to this Interrogatory to the extent it seeks documents that are irrelevant to the claims asserted by the parties and not calculated to lead to the discovery of admissible evidence.  Subject to the General Objections, Plaintiffs will produce non-privileged documents, if any, that are responsive and relevant to the claims and defenses of the parties.

Request for Production No. 4:

        Produce all checks, wire transfers or other documents reflecting payments to Whiting by Delta on account of any negative cash flow in the Point Arguello Properties as required under the 1999 NOI.

Response to Request for Production No. 4:

Plaintiffs further object to this Interrogatory on the grounds that the phrase "reflecting" is vague and ambiguous. Subject to the General Objections, Plaintiffs will produce non-privileged documents, if any, that are responsive and relevant to the claims and defenses of the parties.

Request for Production No. 5:

Produce all records, workpapers, adjustments, journal entries or other records relating to the "audit" of Delta's payments to ORRI owners described in the Declaration of Seth Bullock.

Response to Request for Production No. 5:

Plaintiffs further object to this Interrogatory on the grounds that the phrase "relating to" is vague and ambiguous. Subject to the General Objections, Plaintiffs will produce non-privileged documents, if any, that are responsive and relevant to the claims and defenses of the parties.

Request for Production No. 6:

Produce all emails, correspondence, notes or other documents reflecting communications with any present or former Delta employee concerning the calculation of amounts to ORRI owners in the Point Arguello Properties and any alleged error in such calculations.

Response to Request for Production No. 6:

Plaintiffs further object to this Interrogatory on the grounds that the phrases "reflecting," "concerning," and "ORRI owners" are vague and ambiguous. Subject to the General Objections, Plaintiffs will produce non-privileged documents, if any, that are responsive and relevant to the claims and defenses of the parties.

Request for Production No. 7:

Produce all documents upon which the calculations that appear at Exhibit F to the Declaration of Seth Bullock and you [sic] response to interrogatory 15, above, are based.

Response to Request for Production No. 7:

Subject to the General Objections, Plaintiffs will produce non-privileged documents, if any, that are responsive and relevant to the claims and defenses of the parties.

## INTRODUCTORY STATEMENT TO THE RESPONSES TO THE REQUESTS FOR ADMISSION

Plaintiffs will respond to the Requests on the basis of the best information available to it at the time, within the limitations and subject to the objections described below. The fact that Plaintiffs respond or object to any individual Request herein does not constitute an admission or acknowledgment that the request is proper, that the information it seeks is relevant or admissible or is within the proper bounds of discovery, or that requests for similar information will be treated in a similar fashion.

## GENERAL RESPONSES TO THE REQUESTS FOR ADMISSION

1.      The responses herein reflect only the present state of Plaintiffs' knowledge or information regarding the information that BWAB has requested. Except as otherwise stated below, an objection to a specific Request does not imply that information responsive to that Request exists. Plaintiffs further expressly reserve the right to supplement their response to any of the aforementioned Requests in accordance with Rule 26 of the Federal Rules of Civil Procedure.

2.      For any response to a Request as to which Plaintiffs deny knowledge or information sufficient to answer that Request, Plaintiffs have made a reasonable inquiry and that the information they know or can readily obtain is insufficient to enable they to admit or deny the Request.

3.      Plaintiffs expressly reserve, and this response to the Request shall

not constitute a waiver of, Plaintiffs' right (a) to object on any ground to the use of the

information that is provided in any step or proceeding in this action, (b) to object on any

ground to other discovery requests that involve or relate to the subject matter of the

Request, and (c) to revise, correct, supplement or clarify any of the responses set forth

herein at a later date.  Plaintiffs do not admit, adopt or acquiesce in any factual or legal

contention, assertion or characterization that is contained in the Request (or any particular

request therein).

4.      Plaintiffs repeat, re-assert and incorporate the General Objections

set forth above.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS FOR ADMISSION

Request for Admission No. 1:

Please admit that Whiting holds legal title to the Point A Properties.

Response to Request for Admission No. 1:

Plaintiffs object to this Request on the grounds that the phrase "legal title"

is vague and ambiguous.  Subject to the foregoing objections, after reasonable inquiry,

the information Plaintiffs know or can readily obtain is insufficient to enable them to

admit or deny this Request.

Request for Admission No. 1a:

Admit Whiting's interest in Point A Unit has not been recorded in real
property records of any United States state or county.

Response to Request for Admission No. 1a:

Plaintiffs object to this Request on the grounds that the phrase "Whiting's

interest" is vague and ambiguous.  Plaintiffs further object on the grounds that this

request seeks an admission regarding facts of public record for every state and/or county

in the United States; BWAB may undertake this burdensome and expensive search itself.

Subject to the foregoing objections, Plaintiffs admit that Whiting's interests in the Leases

were not recorded in the real property records for Santa Barbara County, California, and

state that, after reasonable inquiry, the information Plaintiffs know or can readily obtain

is insufficient to enable them to otherwise admit or deny this Request.

Request for Admission No. 2:

      Admit Whiting is a party to the 1996 Point A Unit Agreement and the
1996 Point A Operating Agreement.

Response to Request for Admission No. 2:

      Admitted.

Request for Admission No. 3:

      Admit that the 1996 Point A Unit Agreement describes Whiting's interest
in the Unit as being subject to a 3.5% ORRI.

Response to Request for Admission No. 3:

      Plaintiffs object to this Request on the grounds that the phrases "Whiting's

interest" and "subject to" are vague and ambiguous.  Subject to the foregoing objections,

admitted.

Request for Admission No. 4:

      Admit that the 3.5% ORRI interest referenced in the 1996 Point A Unit
Agreement burdening Whiting's interest is the 1994 BWAB ORRI.

Response to Request for Admission No. 4:

      Plaintiffs object to this Request on the grounds that the phrases "Whiting's

interest" and "burdening" are vague and ambiguous.  Subject to the foregoing objections,

Plaintiffs admit that the 1996 Point A Unit Agreement states that there is an "[o]verriding

royalty burdening only Whiting's interest equaling three and one-half percent of

Whiting's Net Revenue Interest."

Request for Admission No. 5:

        Admit Delta is not a party to the 1996 Point A Unit Agreement or the 1996 Point A Operating Agreement and no party to either agreement has consented to Delta's assumption of any rights or obligations under either agreement.

Response to Request for Admission No. 5:

        Plaintiffs object to this Request on the grounds that the phrase "consented

to Delta's assumption of any rights or obligations" is vague and ambiguous.  Subject to

the foregoing objections, Plaintiffs admit that Delta did not execute the 1996 Point A

Unit Agreement or the 1996 Point A Operating Agreement, and state that, after

reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to

enable them to otherwise admit or deny this Request.

Request for Admission No. 6:

        Admit that from 1999 to the present, the oil and gas purchaser of production from Point A Unit has paid the proceeds of sale of such production to Whiting with respect to its 6.07 percent interest in the Unit.

Response to Request for Admission No. 6:

        Plaintiffs object to this Request on the grounds that the Request seeks

information that is not within the Plaintiffs' control.  Subject to the foregoing objections,

after reasonable inquiry, the information Plaintiffs know or can readily obtain is

insufficient to enable them to admit or deny this Request.

Request for Admission No. 7:

        Admit that the working interest owners of the Point A Unit objected to Whiting's transfer of legal title to its 6.07 percent interest in the unit to Delta.

Response to Request for Admission No. 7:

   Plaintiffs object to this Request on the grounds that the phrases "working interest owners," "objected to," and "legal title" are vague and ambiguous.  Plaintiffs further object to this Request on the grounds that the Request seeks information that is not within the Plaintiffs' control.  Subject to the foregoing objections, after reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable them to admit or deny this Request.

Request for Admission No. 8:

   Admit that Delta did not record the 1999 NOI in any real property record of any United States state or county including Santa Barbara County, California.

Response to Request for Admission No. 8:

   Plaintiffs object on the grounds that this request seeks an admission regarding facts of public record for every state and/or county in the United States; BWAB may undertake this burdensome and expensive search itself.  Subject to the foregoing objections, Plaintiffs admit that Delta did not record its interest in the Leases in Santa Barbara County, California, nor would such recording be appropriate or necessary given that Delta's interest is a net operating interest in the Leases, which is not a real property interest, and state that, after reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable them to otherwise admit or deny this Request.

Request for Admission No. 9:

   Admit that a hypothetical bona fide purchaser would discover in the exercise of reasonable diligence that Delta did not own record title to any interest in the Point A Unit.

Response to Request for Admission No. 9:

Plaintiffs object to this Request on the grounds that the phrases

"reasonable diligence," "any interest" and "record title" are vague and ambiguous.

Plaintiffs further object on the grounds that this request seeks an admission regarding

facts of public record for every state and/or county in the United States; BWAB may

undertake this burdensome and expensive search itself. Subject to the foregoing

objections, after reasonable inquiry, the information Plaintiffs know or can readily obtain

is insufficient to enable them to admit or deny this Request.

Request for Admission No. 10:

Admit that Delta could not convey its interest in the Point A Unit to a
bona fide purchaser without notice because Delta did not own any record title interest in
the Point A Unit.

Response to Request for Admission No. 10:

Denied.

Request for Admission No. 11:

Please admit that all amounts paid pursuant to the 1994 BWAB ORRI,
1999 BWAB ORRI, and 1999 Larson ORRI relate to oil and not natural gas production.

Response to Request for Admission No. 11:

After reasonable inquiry, the information Plaintiffs know or can readily

obtain is insufficient to enable them to admit or deny this Request.

Request for Admission No. 12:

Please admit that beginning in 1999, Whiting sent the monies payable to
BWAB and Larson pursuant to the 1994 BWAB ORRI, the 1999 BWAB ORRI, and the
1999 Larson ORRI to Delta for distribution to BWAB and Larson.

Response to Request for Admission No. 12:

Denied.

<u>Request for Admission No. 13</u>:

Please admit that beginning in 1999 and continuing through August 21, 2012, Delta delivered to BWAB and Larson the monies it received from Whiting for distribution to BWAB and Larson.

<u>Response to Request for Admission No. 13</u>:

Denied.

<u>Request for Admission No. 14</u>:

Please admit that as of December 16, 2011, neither BWAB nor Larson were owed any money pursuant to the 1994 BWAB ORRI, the 1999 BWAB ORRI, or the 1999 Larson ORRI.

<u>Response to Request for Admission No. 14</u>:

Denied.

<u>Request for Admission No. 15</u>:

Please admit that as of March 23, 2012, neither BWAB nor Larson were owed any money pursuant to the 1994 BWAB ORRI, the 1999 BWAB ORRI, or the 1999 Larson ORRI.

<u>Response to Request for Admission No. 15</u>:

Denied.

<u>Request for Admission No. 16</u>:

Please admit that as of August 16, 2012, neither BWAB nor Larson were owed any money pursuant to the 1994 BWAB ORRI, the 1999 BWAB ORRI, or the 1999 Larson ORRI.

<u>Response to Request for Admission No. 16</u>:

Denied.

<u>Request for Admission No. 17</u>:

Please admit that as of August 31, 2012, neither BWAB nor Larson were owed any money pursuant to the 1994 BWAB ORRI, the 1999 BWAB ORRI, or the 1999 Larson ORRI.

Response to Request for Admission No. 17:

        Denied.

Request for Admission No. 18:

        Please admit that Delta is not aware of any novation agreement releasing Whiting from its obligations to pay the amounts earned by the 1994 BWAB ORRI and that Delta undertook such obligation to pay with BWAB's consent.

Response to Request for Admission No. 18:

        Plaintiffs object to this Request on the grounds that the phrases "novation agreement" and "releasing" are vague and ambiguous.  Subject to the foregoing objections, Plaintiffs admit that they are not aware of any agreements pursuant to which Whiting's obligations were released other than the 1999 conveyance from Whiting to Delta pursuant to the Purchase Agreement, Amendment and Conveyance Agreement whereby Delta undertook Whiting's obligation to pay the 1994 BWAB ORRI, and state that, after reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable them to otherwise admit or deny this Request.

Request for Admission No. 19:

        Please admit that you did not overpay the sums due pursuant to either the 1994 BWAB ORRI, the 1999 BWAB ORRI, and the 1999 Larson ORRI.

Response to Request for Admission No. 19:

        Denied.

Request for Admission No. 20:

        Please admit that neither BWAB nor Larson had a claim against Delta until:

        a.  after minerals were produced from the Point A Properties, and

        b.  after Whiting received production revenues from the sale of those minerals, and

c. after Whiting providing the funds to Delta for distribution of the amounts owed to BWAB or Larson, and

d. after Delta failed to pay those funds to BWAB or Larson.

Response to Request for Admission No. 20:

Denied.

Request for Admission No. 21:

Please admit that neither Debtors nor you informed BWAB, Parker, or Larson or provided any notice in the Plan, disclosure materials, other notices, or filings with the Bankruptcy Court that you disputed the ownership of or entitlement to payments on account of the 1994 BWAB ORRI, the 1999 BWAB ORRI, or the 1999 Larson ORRI.

Response to Request for Admission No. 21:

Denied.

Request for Admission No. 22:

Please admit that none of the amounts paid by Delta to BWAB or Larson on account of the 1994 BWAB ORRI, the 1999 BWAB ORRI, or the 1999 Larson ORRI were paid under protest.

Response to Request for Admission No. 22:

Plaintiffs object to this Request on the grounds that the phrase "paid under protest" is vague and ambiguous.  Subject to the foregoing objections, admitted.

Request for Admission No. 23:

Please admit that neither BWAB nor Larson was a Delta creditor on August 31, 2012.

Response to Request for Admission No. 23:

Denied.

Request for Admission No. 24:

Please admit the authenticity of the 1994 BWAB ORRI, the 1999 BWAB ORRI, the 1999 Larson ORRI, and the 1999 NOI.

<u>Response to Request for Admission No. 24</u>:

        Admitted.

Dated:        April 10, 2013
               Wilmington, Delaware


               */s/ Anthony W. Clark*
               Anthony W. Clark (I.D. No. 2051)
               Kristhy M. Peguero (I.D. No. 4903)
               Skadden, Arps, Slate, Meagher & Flom LLP
               One Rodney Square
               P.O. Box 636
               Wilmington, Delaware 19899-0636
               Telephone: (302) 651-3000
               Fax: (302) 651-3001

               - and -

               Ron E. Meisler
               Skadden, Arps, Slate, Meagher & Flom LLP
               155 N. Wacker Dr.
               Chicago, Illinois 60606
               Telephone: (312) 407-0700
               Fax: (312) 407-0411

               *Counsel for Plaintiffs Delta Petroleum General Recovery Trust and Par Petroleum Corporation*

## VERIFICATION

I, R. Seth Bullock, Chief Financial Officer of Par Petroleum Corporation ("Par"), declare under penalty of perjury under the laws of the United States, that the foregoing responses and objections to the interrogatories contained in BWAB Limited Liability Company's First Set of Written Discovery Requests to Delta Petroleum General Recovery Trust were prepared by and with the assistance of Par's advisors and with the assistance and advice of counsel. I do not have first-hand knowledge of all the matters contained herein. I have reviewed the foregoing responses and declare that they are true to the best of my present knowledge, information and belief.

Executed on April 10, 2013

R. Seth Bullock

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

- - - - - - - - - - - - - - - - - - - - - - - - - - x
                               :

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| DELTA PETROLEUM, <u>et al.</u>, | : Case No. 11-14006 (KJC) |
| | : |
| Debtors. | : Jointly Administered |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| DELTA PETROLEUM GENERAL | : |
| RECOVERY TRUST | : |
| and | : |
| PAR PETROLEUM CORPORATION | : |
| | : Adv. Pro. No. 12-50898 (KJC) |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| BWAB LIMITED LIABILITY | : |
| COMPANY, | : |
| | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - -x

**RESPONSES AND OBJECTIONS TO BWAB LIMITED LIABILITY
COMPANY'S FIRST SET OF WRITTEN DISCOVERY REQUESTS
TO PAR PETROLEUM CORPORATION**

        Delta Petroleum General Recovery Trust (the "Trust") and Par Petroleum Corporation ("Par," and with the Trust, "Plaintiffs"), by and through their undersigned counsel, hereby object and respond to the First Set of Written Discovery Requests to Par Petroleum Corporation (the "Requests"), of BWAB Limited Liability Company ("BWAB"), dated March 11, 2013, including the instructions and definitions therein, and respectfully state as follows:

## <u>GENERAL OBJECTIONS TO THE REQUESTS</u>

The following General Objections, which are incorporated into each of the specific Responses below as if fully set forth therein and are not waived, or in any way limited by, the Specific Objections and Responses, are set forth here to avoid the duplication and repetition of restating them for each individual response.  Certain General Objections may be specifically repeated in individual responses for purposes of emphasis.

In the event any information falling within one of more of these objections is disclosed in response to the Requests, the disclosure is inadvertent and is not a waiver of the objection.  Any response indicating that information and/or documents of a certain type will be produced is not a representation that any such information and/or documents exist or that Plaintiffs have knowledge of the subject matter set forth in the Requests. The objections and responses herein are based on Plaintiffs' present knowledge, information, and belief, and Plaintiffs reserve the right to amend, revise, correct, supplement, and clarify any of the objections or responses herein.

Notwithstanding, and without waiving, the objections set forth herein, Plaintiffs are prepared to meet and confer in good faith regarding the Requests and the responses and objections herein to resolve any matters in dispute with respect thereto.  In particular, where an objection is made on the ground that a specific Request is vague or ambiguous, Plaintiffs will meet and confer regarding the meaning and scope of the Request, and where an objection is made on the ground that a specific Request is overbroad or unduly burdensome or seeks information or documents that are neither relevant to the claims or defenses of any party to this matter nor reasonably calculated to lead to the

discovery of admissible evidence, Plaintiffs are willing to meet and confer regarding reasonable limitations on the scope of the Request.

A.     Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent they purport to impose upon Plaintiffs any duty to respond to the Requests other than, or beyond, that required by the Federal Rules of Civil Procedure and the Local Rules for the United States Bankruptcy Court for the District of Delaware.

B.     Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent they seek communications, identification of documents or any other discovery that is protected by the attorney-client privilege, the accountant-client privilege, the joint defense privilege, the work product doctrine or any other applicable privilege or immunity.

C.     Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent they purport to impose upon Plaintiffs a duty to produce information and/or documents that are not in Plaintiffs' possession, custody and control, on the grounds that they are overly broad, unduly burdensome and oppressive.

D.     Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent they seek information and/or documents that are in the public domain and/or are in BWAB's possession and are, therefore, equally accessible to BWAB.

E.     Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent they seek information and/or documents

3

that, if disclosed, would violate third persons' privacy rights or confidentiality rights and which Plaintiffs may be prohibited from disclosing.

      F.    Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent they seek information and/or documents that are irrelevant to the claims asserted by the parties and not calculated to lead to the discovery of admissible evidence.

      G.    Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent that they call for the production of opinions regarding facts or the application of law to facts and are therefore premature.

      H.    Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent that they assume the existence of facts that do not exist and the occurrence of events that did not occur.  Any response of Plaintiffs to any individual numbered Request is not intended to be, and shall not be construed as, an admission that any factual predicate stated in the Request is accurate.

      I.    Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent that they assume the accuracy of certain legal conclusions.  Any use of BWAB's defined terms is for ease of reference only and is not intended to be, and shall not be construed as, an admission that Plaintiffs accept or agree with BWAB's definitions of such terms or anything assumed by the definitions of those terms.

      J.    Plaintiffs object to the Requests, including the "Instructions and Definitions" contained therein, to the extent the information sought is not reasonably

accessible to Plaintiffs, and thus the Requests are overly broad, unduly burdensome, oppressive and harassing.  The burden and expense of accessing, reviewing and producing information and/or documents in response to a Request that is not reasonably accessible outweighs the possible relevance of the Request and is not likely to lead to the discovery of admissible evidence.

K.      Plaintiffs' responses are made without waiving and subject to: (1) the right to object on any grounds, including, but not limited to, competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose in any subsequent proceeding in this action or any other action; and (2) the right to object, on any ground, to other discovery requests involving or relating to the subject matter of the Requests.

L.      Plaintiffs' investigation of the facts at issue in this litigation is ongoing and Plaintiffs reserve the right to supplement their response to the Requests at any point, but Plaintiffs undertake no obligation to do so.

M.      Plaintiffs object to the Requests as overly broad and unduly burdensome to the extent that they seek "any" or "all" information and/or documents relating to a given subject matter.  Plaintiffs will not search the files of all employees in response to the Requests; Plaintiffs will identify custodians who are likely to have information and/or documents relevant to this action and will make a reasonable, good faith search of the accessible hardcopy and electronic files and locations that Plaintiffs believe could contain information and/or documents responsive to the Requests.  Plaintiffs will provide non-privileged information and/or documents located during that search in accordance with these General Objections and the Specific Objections set forth below.

N.      Plaintiffs object to the Requests insofar as they purport to seek

5

confidential or proprietary commercial or other business or personal information.  Subject to and without waiving this objection or any other objections, Plaintiffs will provide confidential or proprietary commercial or other business or personal information only after entry of an appropriate confidentiality protective order; however, pending entry of such an order, Plaintiffs are willing to exchange confidential documents and information on a litigation-counsel-eyes-only basis if BWAB agrees to do the same.

O.    The Plaintiffs object to the Requests to the extent they purport to impose an obligation to produce transient or dynamic data, such as metadata, RAM, cookies or data on dynamic databases, because such data is not relevant to the action and efforts to produce such data would require an undue burden, impose extreme hardship, and result in the expenditure of unnecessary time and resources.

P.    The Plaintiffs object to the Requests to the extent they purport to require production of electronically stored information ("ESI") that is not stored on its active systems, but is stored on systems, backup tapes, and other media that are no longer part of its normal business operations.  Such ESI is not reasonably accessible and likely is duplicative of ESI available from other more readily available sources.  Because of the cost associated with accessing these data sources, the Plaintiffs object to searching them in response to the Requests.

Q.    The Plaintiffs object to the Requests to the extent they purport to impose an obligation to produce ESI from disaster recovery systems.  The Plaintiffs reasonably believe that such ESI is not readily accessible due to the undue burden and cost associated with recovering ESI from those sources, and, in light of the short retention periods of its disaster recovery systems, is likely duplicative of information stored on its

active file systems in any event.  Accordingly, the Plaintiffs object to searching disaster

recovery systems in response to the Requests.

R.        Plaintiffs object to the failure of the Requests to the extent that they fail

to specify an applicable time period as overly broad, unduly burdensome and

oppressive.  The burden and expense of accessing, reviewing and producing information

and/or documents in response to a Request without a reasonable applicable time period

outweighs any possible relevance of such Request and is not likely to lead to the

discovery of admissible evidence.

Plaintiffs respond and further object to the individual Interrogatories and

Requests as set forth below.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE INTERROGATORIES

Interrogatory No. 1:

Identify each agreement among the working interest owners of the Point A
Unit relating to the formation and/or operation of the Unit and all documents assigning
any interest therein to Delta, Delta's assumption of any obligations thereunder and any
working interest owners consent [sic] to Delta's assumption of such obligations, and
every document evidencing those agreements, assumptions, and consents.

Response to Interrogatory No. 1:

Plaintiffs further object to this Interrogatory on the grounds that the

phrases "working interest owners," "relating to," "formation and/or operation," "assigning

any interest," "assumption of any obligations," and "evidencing" are vague and

ambiguous.  Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged

documents to BWAB at the appropriate time from which information responsive to this

Interrogatory and relevant to the claims and defenses of the parties may be derived or

ascertained.  Subject to the foregoing objections and the General Objections, Plaintiffs

respond that they have produced the following documents which provide responsive information: DPT002100-DPT002200, DPT002294-DPT002350, DPT002428-DPT002457.

Interrogatory No. 2:

Identify each assignment to Delta of any interest in the Point A Unit, any consent to such assignment by any working interest owner and the recording or filing information, if any, where such assignment was recorded in the real property records of any United States state county [sic] or filed with any federal agency.

Response to Interrogatory No. 2:

Plaintiffs further object to this Interrogatory insofar as it is duplicative of other Interrogatories.  Plaintiffs further object to this Interrogatory on the grounds that the phrases "any interest in the Point A Unit," "any working interest owner" and "any United States state county" are vague and ambiguous.  Plaintiffs further object to this Interrogatory to the extent it purports to require Plaintiffs to perform a search of the real property records or federal agency filings and then identify the requested information and/or documents for BWAB.  Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged documents to BWAB at the appropriate time from which information responsive to this Interrogatory and relevant to the claims and defenses of the parties may be derived or ascertained.  Subject to the foregoing objections and the General Objections, Plaintiffs respond that the assignment from Whiting to Delta was a "net operating interest," which is not a real property interest, and that such interest was not, nor need have been, recorded in the real property records of any United States state or county or filed with any federal agency.  Plaintiffs further respond that they have produced the following documents which provide responsive information: DPT002294-DPT002350, DPT002428-DPT002457.

8

Interrogatory No. 3:

        If any conveyances of interests have occurred since 1994 which affect the 1994 BWAB ORRI, 1999 BWAB ORRI, and 1999 Larson ORRI, please describe those conveyances and identify all documents evidencing those conveyances.

Response to Interrogatory No. 3:

        Plaintiffs further object to this Interrogatory on the grounds that the phrases "conveyances of interests," "affect" and "evidencing" are vague and ambiguous. Plaintiffs further object to the use of the defined terms "1994 BWAB ORRI," "1999 BWAB ORRI," and "1999 Larson ORRI," as such terms assume that the operative agreements conveyed an overriding royalty interest when they did not. Subject to the foregoing objections and the General Objections, Plaintiffs respond that in 1999, Delta and Whiting[1] entered into the Purchase Agreement, Amendment and Conveyance Agreement, pursuant to which Delta acquired Whiting's non-real property interest in the Leases. Plaintiffs further respond that they have produced the following documents which provide additional responsive information: DPT002294-DPT002350, DPT002428-DPT002457. Plaintiffs further respond that, in 1999, additional interests related to the Leases were conveyed to BWAB, Larson, Parker and Kaiser-Francis Oil Company ("Kaiser-Francis").

Interrogatory No. 4:

        If you contend that any subsequent conveyance affected the interests granted by the 1994 BWAB ORRI, describe in detail the effect of the subsequent conveyance on the earlier ORRI and identify all documents supporting your contention.

---

[1]    Terms not otherwise defined in the Requests shall have the meanings ascribed to them in Plaintiffs' summary judgment motion.

Response to Interrogatory No. 4:

Plaintiffs further object to this Interrogatory on the grounds that the phrases "subsequent conveyance," "affected" and "effect" are vague and ambiguous. Plaintiffs further object to the use of the defined term "1994 BWAB ORRI," as such term assumes that the operative agreement conveyed an overriding royalty interest when it did not. Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged documents to BWAB at the appropriate time from which information responsive to this Interrogatory and relevant to the claims and defenses of the parties may be derived or ascertained. Subject to the foregoing objections and the General Objections, Plaintiffs respond that BWAB's 1994 interest was a right to share in money collected by Whiting (and, thereafter, by Delta when it acquired its non-real property Lease interests from Whiting in 1999) on account of its interest in the leased premises. BWAB's right to payment under its 1994 interest was reduced in 1999, in accordance with the formula outlined in the 1994 Agreement, as a result of the conveyances of additional interests related to the Leases to BWAB, Larson, Parker and Kaiser-Francis. Plaintiffs further respond that they have produced the following documents which provide additional responsive information: DPT002294-DPT002350, DPT002428-DPT002457.

Interrogatory No. 5:

Did Delta's representatives attend meetings or participate in telephone conferences, with one of [sic] more of the working interest owners as to operations on the Point A Unit, or provide any input into decisions with respect to operations by the working interest owners? If Delta provided any input into such decisions, describe how and by whom such information was provided and identify all documents reflecting that input, including minutes of any operating committee or other meeting of working interest owners.

<u>Response to Interrogatory No. 5</u>:

Plaintiffs further object to this Interrogatory on the grounds that the phrases "reflecting," "working interest owners," "operations on the Point A Unit," and "input into decisions with respect to operations by the working interest owners" are vague and ambiguous.  Subject to the foregoing objections and the General Objections, Plaintiffs respond that there have been no such meetings or telephone conferences involving Plaintiffs, and Plaintiffs are without knowledge or information sufficient to form a belief as to whether the Debtors may have participated in any such meetings or telephone conferences.

<u>Interrogatory No. 6</u>:

Identify all documents that evidence any transfer of funds from Whiting to Delta from 1999 to the present with respect to the Point A Unit, including all wire transfers, checks, vouchers, invoices, billing statements, account records, and cover letters transmitting same.

<u>Response to Interrogatory No. 6</u>:

Plaintiffs further object to this Interrogatory on the grounds that the phrase "evidence any transfer of funds" is vague and ambiguous.  Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged documents to BWAB at the appropriate time from which information responsive to this Interrogatory and relevant to the claims and defenses of the parties may be derived or ascertained.  Subject to the foregoing objections and the General Objections, Plaintiffs respond that they have produced the following documents which provide responsive information: DPT00028-DPT000067, DPT002351-DPT002401.

Interrogatory No. 7:

Identify all documents evidencing amounts due to Delta, Larson or BWAB from 1994 to the present from the sale of oil and gas produced by the Point A Properties.

Response to Interrogatory No. 7:

Plaintiffs further object to this Interrogatory on the grounds that the terms "evidencing" and "due" are vague and ambiguous. Plaintiffs further object to this Interrogatory insofar as it is duplicative of other Interrogatories. Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged documents to BWAB at the appropriate time from which information responsive to this Interrogatory and relevant to the claims and defenses of the parties may be derived or ascertained. Subject to the foregoing objections and the General Objections, Plaintiffs respond that they have produced the following documents which provide responsive information regarding the payments made to Delta, Larson and/or BWAB: DPT000010-DPT000027, DPT00028-DPT000067, DPT002351-DPT002401.

Interrogatory No. 8:

Identify all documents on which you rely in support of any claim that any ORRI owner was overpaid with respect to its interest in the production from the Point A properties.

Response to Interrogatory No. 8:

Plaintiffs further object to this Interrogatory on the grounds that the phrase "any ORRI owner" is vague and ambiguous, and assumes a disputed legal conclusion. Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged documents to BWAB at the appropriate time from which information responsive to this Interrogatory and relevant to the claims and defenses of the parties may be derived or ascertained. Subject to the foregoing objections and the General Objections, Plaintiffs respond that

they have produced the following documents which provide responsive information

regarding the excess payments made to BWAB and Larson: DPT002294-DPT002350,

DPT002428-DPT002457, DPT002402-DPT002415, DPT002416-DPT002427,

DPT002458-DPT002463.

Interrogatory No. 9:

Have you or Delta received from Whiting any conveyance of any interest
relating to the Point A Properties other than the 1999 NOI? If so, please describe the
conveyance and identify all documents evidencing the conveyance.

Response to Interrogatory No. 9:

Plaintiffs further object to this Interrogatory on the grounds that the

phrases "any conveyance of any interest," "relating to" and "evidencing" are vague and

ambiguous.  Subject to the foregoing objections and the General Objections, Plaintiffs

respond that they have not received any conveyance from Whiting other than the 1999

NOI.

Interrogatory No. 10:

Please describe, including date and amount, all payments related to any
overriding royalty interests in oil or natural gas production in the Point A Unit which
Delta distributed and describe how those interests were calculated.

Response to Interrogatory No. 10:

Plaintiffs further object to this Interrogatory on the grounds that the phrase

"related to" is vague and ambiguous.  Plaintiffs further object to this Interrogatory on the

grounds that the phrase "overriding royalty interest" assumes a disputed legal conclusion.

Plaintiffs further object to this Interrogatory insofar as it is duplicative of other

Interrogatories.  Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged

documents to BWAB at the appropriate time from which information responsive to this

Interrogatory and relevant to the claims and defenses of the parties may be derived or

13

ascertained.  Subject to the foregoing objections and the General Objections, Plaintiffs

respond that they have produced the following documents which provide responsive

information regarding the payments Delta made in connection with the Parker, Larson

and BWAB interests: DPT00001-DPT000027.  Plaintiffs further respond that ORRI

payments are calculated by entering the production and revenue information received (on

a net basis – net meaning subject to the Delta working interest of 6.06521% only) from

Whiting into the accounting system.  Standard oil and gas accounting procedure is to

"gross up" data to a 100% (or 8/8ths) basis such that field level accounting statements

can be provided.  Consistent with standard oil and gas accounting practice, data provided

by Whiting are grossed up on an 8/8ths basis.  Since the contractual ORRI rate applies

only to Delta's net interest in the field, the ORRI rate is reduced by Delta's working

interest by the accounting system.  This process results in the calculation of all of the

ORRI payments due.

Interrogatory No. 11:

   Please describe, including date and amount, all overriding royalty interests
in oil or natural gas production in the Point A Unit—such as the Francis ORRI—which
Delta continued to pay during the pendency of its bankruptcy.

Response to Interrogatory No. 11:

   Plaintiffs further object to this Interrogatory on the grounds that the phrase

"overriding royalty interest" assumes a disputed legal conclusion.  Plaintiffs further

object to this Interrogatory insofar as it is duplicative of other Interrogatories.  Plaintiffs

further direct BWAB to the Excess Payments Chart, attached as Exhibit F to the

Declaration of Seth Bullock in Support of the Plaintiffs' Motion for Summary Judgment

Pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056, and produced at Bates Nos.

DPT002416-DPT002427, and the response to Interrogatory No. 10.

Interrogatory No. 12:

        Please describe, including date and amount, all overriding royalty interests in oil or natural gas production in the Point A Unit—such as the Francis ORRI—which Reorganized Debtors continued to pay after August 31, 2012, and identify all documents evidencing those overriding royalty interests and their recording in the real property records of any United States state or county or filing with any federal agency.

Response to Interrogatory No. 12:

        Plaintiffs further object to this Interrogatory on the grounds that the phrase "evidencing" is vague and ambiguous.  Plaintiffs further object to this Interrogatory to the extent it purports to require Plaintiffs to perform a search of the real property records or federal agency filings and then identify the requested information and/or documents for BWAB.  Plaintiffs further direct BWAB to the Excess Payments Chart, attached as Exhibit F to the Declaration of Seth Bullock in Support of the Plaintiffs' Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056, and produced at Bates Nos. DPT002416-DPT002427, and the response to Interrogatory No. 10.

Interrogatory No. 13:

        Please describe what information was available to a hypothetical bona fide purchaser, in the exercise of reasonable prudence, of Delta's ownership of the Point A Properties.

Response to Interrogatory No. 13:

        Plaintiffs further object to this Interrogatory on the grounds that the phrase "exercise of reasonable prudence" is vague and ambiguous.  Plaintiffs further object to this Interrogatory to the extent it seeks information that is in the public domain and/or in BWAB's possession and is, therefore, equally accessible to BWAB.  Subject to the foregoing objections and the General Objections, Plaintiffs respond that they have produced the following documents which provide responsive information: DPT000349-

DPT002031.  Plaintiffs further respond that public records of real property interests in the

Leases and the property subject thereto were available to hypothetical bona fide

purchasers.

<u>Interrogatory No. 14</u>:

Are your responses to the requests for admission propounded to you in this case anything besides an unqualified admission? If so, please (a) identify the number of the request for admission; (b) state all facts upon which you base your response; (c) identify each person who has knowledge of those facts; (d) identify all documents and other tangible things that support your response and identify the person who has custody, possession, or control over each document or thing.

<u>Response to Interrogatory No. 14</u>:

The responses to Request for Admission Nos. 4 and 5 are based upon the

facts set forth in the response to Interrogatory No. 1 and the documents referenced

therein.  The individuals with knowledge of those facts, if any, are identified in those

documents.

The response to Request for Admission Nos. 13 and 14 are based upon the

facts set forth in the response to Interrogatory No. 6 and the documents referenced

therein.  The individuals with knowledge of those facts, if any, are identified in those

documents.

The response to Request for Admission Nos. 15, 16, 17 and 18 are based

upon the facts set forth in the response to Interrogatory No. 8 and the documents

referenced therein.  The individuals with knowledge of those facts, if any, are identified

in those documents.

The responses to Request for Admission Nos. 11, 20, 21, 22 and 24 are

legal conclusions based upon applicable law, the operative agreements, and the Plan.

After reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable them to admit or deny Requests 1, 2, 6, 7, 8, 9, 10, 12, and 19.

Interrogatory No. 15:

Set forth all calculations you have made in order to determine the amount that BWAB has been over paid in connection with the 1994 BWAB ORRI.

Response to Interrogatory No. 15:

Plaintiffs further object to this Interrogatory insofar as it is duplicative of other Interrogatories. Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged documents to BWAB at the appropriate time from which information responsive to this Interrogatory and relevant to the claims and defenses of the parties may be derived or ascertained. Subject to the General Objections, Plaintiffs respond that they have produced the following documents which provide responsive information: DPT002416-DPT002427.

Interrogatory No. 16:

Set forth the amount of each payment by Delta or Par to Kaiser — Francis Oil Company or its successor in connection with the Francis ORRI since January 1, 2012, and include the date of each payment.

Response to Interrogatory No. 16:

Plaintiffs further object to this Interrogatory insofar as it is duplicative of other Interrogatories. Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged documents to BWAB at the appropriate time from which information responsive to this Interrogatory and relevant to the claims and defenses of the parties may be derived or ascertained.

Interrogatory No. 17:

        Please describe, including dates and amounts, the money that you have received that is attributable to the 1994 BWAB ORRI and 1999 BWAB ORRI from the time period between August 31, 2012 and December 21, 2012.

Response to Interrogatory No. 17:

        Plaintiffs further object to this Interrogatory on the grounds that the phrase "attributable to" is vague and ambiguous. Plaintiffs further object to the use of the defined terms "1994 BWAB ORRI" and "1999 BWAB ORRI," as such terms assume that the operative agreements conveyed an overriding royalty interest when they did not. Pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will provide non-privileged documents to BWAB at the appropriate time from which information responsive to this Interrogatory and relevant to the claims and defenses of the parties may be derived or ascertained.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS FOR PRODUCTION

Request for Production No. 1:

        Please produce all documents identified in response to interrogatories propounded to you in this case.

Response to Request for Production No. 1:

        Subject to the General Objections, Plaintiffs will produce non-privileged documents, if any, that are responsive and relevant to the claims and defenses of the parties.

Request for Production No. 2:

        Produce all emails, correspondence or other written communications between Delta and Whiting relating to the Point A Unit.

Response to Request for Production No. 2:

        Plaintiffs further object to this Interrogatory on the grounds that the phrase "relating to" is vague and ambiguous.  Plaintiffs further object to this Interrogatory as overly broad and unduly burdensome as it seeks "all emails, correspondence or other written communications between Delta and Whiting relating to the Point A Unit." Plaintiffs further object to this Interrogatory to the extent it seeks documents that are irrelevant to the claims asserted by the parties and not calculated to lead to the discovery of admissible evidence.  Subject to the General Objections, Plaintiffs will produce non-privileged documents, if any, that are responsive and relevant to the claims and defenses of the parties.

Request for Production No. 3:

        With respect to the Point A Unit, produce all ledgers, books of account, accounting entries, joint interest billings, records of payments to joint interest owners, and ORRI owners whether in electronic or paper format.

Response to Request for Production No. 3:

        Plaintiffs further object to this Interrogatory on the grounds that the phrases "joint interest owners" and "ORRI owners" are vague and ambiguous.  Plaintiffs further object to this Interrogatory as overly broad and unduly burdensome as it seeks "all …records of payments to joint interest owners, and ORRI owners…."  Plaintiffs further object to this Interrogatory to the extent it seeks documents that are irrelevant to the claims asserted by the parties and not calculated to lead to the discovery of admissible evidence.  Subject to the General Objections, Plaintiffs will produce non-privileged documents, if any, that are responsive and relevant to the claims and defenses of the parties.

Request for Production No. 4:

Produce all checks, wire transfers or other documents reflecting payments to Whiting by Delta on account of any negative cash flow in the Point Arguello Properties as required under the 1999 NOI.

Response to Request for Production No. 4:

Plaintiffs further object to this Interrogatory on the grounds that the phrase "reflecting" is vague and ambiguous.  Subject to the General Objections, Plaintiffs will produce non-privileged documents, if any, that are responsive and relevant to the claims and defenses of the parties.

Request for Production No. 5:

Produce all records, workpapers, adjustments, journal entries or other records relating to the "audit" of Delta's payments to ORRI owners described in the Declaration of Seth Bullock.

Response to Request for Production No. 5:

Plaintiffs further object to this Interrogatory on the grounds that the phrase "relating to" is vague and ambiguous.  Subject to the General Objections, Plaintiffs will produce non-privileged documents, if any, that are responsive and relevant to the claims and defenses of the parties.

Request for Production No. 6:

Produce all emails, correspondence, notes or other documents reflecting communications with any present or former Delta employee concerning the calculation of amounts to ORRI owners in the Point Arguello Properties and any alleged error in such calculations.

Response to Request for Production No. 6:

Plaintiffs further object to this Interrogatory on the grounds that the phrases "reflecting," "concerning," and "ORRI owners" are vague and ambiguous. Subject to the General Objections, Plaintiffs will produce non-privileged documents, if any, that are responsive and relevant to the claims and defenses of the parties.

20

Request for Production No. 7:

Produce all documents upon which the calculations that appear at Exhibit F to the Declaration of Seth Bullock and your answers to interrogatory 15, above, are based.

Response to Request for Production No. 7:

Subject to the General Objections, Plaintiffs will produce non-privileged documents, if any, that are responsive and relevant to the claims and defenses of the parties.

## INTRODUCTORY STATEMENT TO THE RESPONSES TO THE REQUESTS FOR ADMISSION

Plaintiffs will respond to the Requests on the basis of the best information available to it at the time, within the limitations and subject to the objections described below.  The fact that Plaintiffs respond or object to any individual Request herein does not constitute an admission or acknowledgment that the request is proper, that the information it seeks is relevant or admissible or is within the proper bounds of discovery, or that requests for similar information will be treated in a similar fashion.

## GENERAL RESPONSES TO THE REQUESTS FOR ADMISSION

1.	The responses herein reflect only the present state of Plaintiffs' knowledge or information regarding the information that BWAB has requested.  Except as otherwise stated below, an objection to a specific Request does not imply that information responsive to that Request exists.  Plaintiffs further expressly reserve the right to supplement their response to any of the aforementioned Requests in accordance with Rule 26 of the Federal Rules of Civil Procedure.

2.	For any response to a Request as to which Plaintiffs deny knowledge or information sufficient to answer that Request, Plaintiffs have made a

reasonable inquiry and that the information they know or can readily obtain is insufficient to enable they to admit or deny the Request.

3.      Plaintiffs expressly reserve, and this response to the Request shall not constitute a waiver of, Plaintiffs' right (a) to object on any ground to the use of the information that is provided in any step or proceeding in this action, (b) to object on any ground to other discovery requests that involve or relate to the subject matter of the Request, and (c) to revise, correct, supplement or clarify any of the responses set forth herein at a later date.  Plaintiffs do not admit, adopt or acquiesce in any factual or legal contention, assertion or characterization that is contained in the Request (or any particular request therein).

4.      Plaintiffs repeat, re-assert and incorporate the General Objections set forth above.

## SPECIFIC OBJECTIONS AND RESPONSES TO THE REQUESTS FOR ADMISSION

Request for Admission No. 1:

Please admit that Whiting holds legal title to the Point A Properties.

Response to Request for Admission No. 1:

Plaintiffs object to this Request on the grounds that the phrase "legal title" is vague and ambiguous.  Subject to the foregoing objections, after reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable them to admit or deny this Request.

Request for Admission No. 2:

Admit Whiting's interest in Point A Unit has not been recorded in real property records of any United States state or county.

22

Response to Request for Admission No. 2:

Plaintiffs object to this Request on the grounds that the phrase "Whiting's interest" is vague and ambiguous.  Plaintiffs further object on the grounds that this request seeks an admission regarding facts of public record for every state and/or county in the United States; BWAB may undertake this burdensome and expensive search itself. Subject to the foregoing objections, Plaintiffs admit that Whiting's interests in the Leases were not recorded in the real property records for Santa Barbara County, California, and state that, after reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable them to otherwise admit or deny this Request.

Request for Admission No. 3:

Admit that Whiting is a party to the 1996 Point A Unit Agreement and the 1996 Point A Operating Agreement.

Response to Request for Admission No. 3:

Admitted.

Request for Admission No. 4

Admit that the 1996 Point A Unit Agreement describes Whiting's interest in the unit as being subject to a 3.5% ORRI.

Response to Request for Admission No. 4:

Plaintiffs object to this Request on the grounds that the phrases "Whiting's interest" and "subject to" are vague and ambiguous.  Subject to the foregoing objections, admitted.

Request for Admission No. 5:

Admit that the 3.5% ORRI interest referenced in the 1996 Point A Unit Agreement burdening Whiting's interest is the 1994 BWAB ORRI.

Response to Request for Admission No. 5:

Plaintiffs object to this Request on the grounds that the phrases "Whiting's interest" and "burdening" are vague and ambiguous. Subject to the foregoing objections, Plaintiffs admit that the 1996 Point A Unit Agreement states that there is an "[o]verriding royalty burdening only Whiting's interest equaling three and one-half percent of Whiting's Net Revenue Interest."

Request for Admission No. 6:

Admit that Delta is not a party to the 1996 Point A Unit Agreement or the 1996 Point A Operating Agreement and no party to either agreement has consented to Delta's assumption of any rights or obligations under either agreement.

Response to Request for Admission No. 6:

Plaintiffs object to this Request on the grounds that the phrase "consented to Delta's assumption of any rights or obligations" is vague and ambiguous. Subject to the foregoing objections, Plaintiffs admit that Delta did not execute the 1996 Point A Unit Agreement or the 1996 Point A Operating Agreement, and state that, after reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable them to otherwise admit or deny this Request.

Request for Admission No. 7:

Admit that from 1999 to the present, the oil and gas purchaser of production from Point A Unit has paid the proceeds of sale of such production to Whiting with respect to its 6.07 percent interest in the Unit.

Response to Request for Admission No. 7:

Plaintiffs object to this Request on the grounds that the Request seeks information that is not within the Plaintiffs' control. Subject to the foregoing objections,

24

after reasonable inquiry, the information Plaintiffs know or can readily obtain is

insufficient to enable them to admit or deny this Request.

<u>Request for Admission No. 8:</u>

Admit that the working interest owners of the Point A Unit objected to
Whiting's transfer of legal title to its 6.07 percent interest in the unit to Delta.

<u>Response to Request for Admission No. 8:</u>

Plaintiffs object to this Request on the grounds that the phrases "working

interest owners," "objected to," and "legal title" are vague and ambiguous.  Plaintiffs

further object to this Request on the grounds that the Request seeks information that is

not within the Plaintiffs' control.  Subject to the foregoing objections, after reasonable

inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable

them to admit or deny this Request.

<u>Request for Admission No. 9:</u>

Admit that Delta did not record the 1999 NOI in any real property record
of any United States state or county including Santa Barbara County, California.

<u>Response to Request for Admission No. 9:</u>

Plaintiffs object on the grounds that this request seeks an admission

regarding facts of public record for every state and/or county in the United States; BWAB

may undertake this burdensome and expensive search itself.  Subject to the foregoing

objections, Plaintiffs admit that Delta did not record its interest in the Leases in Santa

Barbara County, California, nor would such recording be appropriate or necessary given

that Delta's interest is a net operating interest in the Leases, which is not a real property

interest, and state that, after reasonable inquiry, the information Plaintiffs know or can

readily obtain is insufficient to enable them to otherwise admit or deny this Request.

Request for Admission No. 10:

Admit that a hypothetical bona fide purchaser would discover in the exercise of reasonable diligence that Delta did not own record title to any interest in the Point A Unit.

Response to Request for Admission No. 10:

Plaintiffs object to this Request on the grounds that the phrases

"reasonable diligence," "any interest" and "record title" are vague and ambiguous.

Plaintiffs further object on the grounds that this request seeks an admission regarding

facts of public record for every state and/or county in the United States; BWAB may

undertake this burdensome and expensive search itself. Subject to the foregoing

objections, after reasonable inquiry, the information Plaintiffs know or can readily obtain

is insufficient to enable them to admit or deny this Request.

Request for Admission No. 11:

Admit that Delta could not convey its interest in the Point A Unit to a bona fide purchaser without notice because Delta did not own any record title interest in the Point A Unit.

Response to Request for Admission No. 11:

Denied.

Request for Admission No. 12:

Please admit that all amounts paid pursuant to the 1994 BWAB ORRI, 1999 BWAB ORRI, and 1999 Larson ORRI relate to oil and not natural gas production.

Response to Request for Admission No. 12:

After reasonable inquiry, the information Plaintiffs know or can readily

obtain is insufficient to enable them to admit or deny this Request.

Request for Admission No. 13:

Please admit that beginning in 1999, Whiting sent the monies payable to BWAB and Larson pursuant to the 1994 BWAB ORRI, the 1999 BWAB ORRI, and the 1999 Larson ORRI to Delta for distribution to BWAB and Larson.

Response to Request for Admission No. 13:

Denied.

Request for Admission No. 14:

Please admit that beginning in 1999 and continuing through August 21, 2012, Delta delivered to BWAB and Larson the monies it received from Whiting for distribution to BWAB and Larson.

Response to Request for Admission No. 14:

Denied.

Request for Admission No. 15:

Please admit that as of December 16, 2011, neither BWAB nor Larson were owed any money pursuant to the 1994 BWAB ORRI, the 1999 BWAB ORRI, or the 1999 Larson ORRI.

Response to Request for Admission No. 15:

Denied.

Request for Admission No. 16:

Please admit that as of March 23, 2012, neither BWAB nor Larson were owed any money pursuant to the 1994 BWAB ORRI, the 1999 BWAB ORRI, or the 1999 Larson ORRI.

Response to Request for Admission No. 16:

Denied.

Request for Admission No. 17:

Please admit that as of August 16, 2012, neither BWAB nor Larson were owed any money pursuant to the 1994 BWAB ORRI, the 1999 BWAB ORRI, or the 1999 Larson ORRI.

Response to Request for Admission No. 17:

Denied.

Request for Admission No. 18:

       Please admit that as of August 31, 2012, neither BWAB nor Larson were owed any money pursuant to the 1994 BWAB ORRI, the 1999 BWAB ORRI, or the 1999 Larson ORRI.

Response to Request for Admission No. 18:

       Denied.

Request for Admission No. 19:

       Please admit that Delta is not aware of any novation agreement releasing Whiting from its obligations to pay the amounts earned by the 1994 BWAB ORRI and that Delta undertook such obligation to pay with BWAB's consent.

Response to Request for Admission No. 19:

       Plaintiffs object to this Request on the grounds that the phrases "novation agreement" and "releasing" are vague and ambiguous. Subject to the foregoing objections, Plaintiffs admit that they are not aware of any agreements pursuant to which Whiting's obligations were released other than the 1999 conveyance from Whiting to Delta pursuant to the Purchase Agreement, Amendment and Conveyance Agreement whereby Delta undertook Whiting's obligation to pay the 1994 BWAB ORRI, and state that, after reasonable inquiry, the information Plaintiffs know or can readily obtain is insufficient to enable them to otherwise admit or deny this Request.

Request for Admission No. 20:

       Please admit that you did not overpay the sums due pursuant to either the 1994 BWAB ORRI, the 1999 BWAB ORRI, and the 1999 Larson ORRI.

Response to Request for Admission No. 20:

       Denied.

Request for Admission No. 21:

       Please admit that neither BWAB nor Larson had a claim against Delta until:

          a.     after minerals were produced from the Point A Properties, and

      b.     after Whiting received production revenues from the sale of those minerals, and

      c.     after Whiting providing the funds to Delta for distribution of the amounts owed to BWAB or Larson, and

      d.     after Delta failed to pay those funds to BWAB or Larson.

Response to Request for Admission No. 21:

     Denied.

Request for Admission No. 22:

     Please admit that neither Debtors nor you informed BWAB, Parker, or Larson or provided any notice in the Plan, disclosure materials, other notices, or filings with the Bankruptcy Court that you disputed the ownership of or entitlement to payments on account of the 1994 BWAB ORRI, the 1999 BWAB ORRI, or the 1999 Larson ORRI.

Response to Request for Admission No. 22:

     Denied.

Request for Admission No. 23:

     Please admit that none of the amounts paid by Delta to BWAB or Larson on account of the 1994 BWAB ORRI, the 1999 BWAB ORRI, or the 1999 Larson ORRI were paid under protest.

Response to Request for Admission No. 23:

     Plaintiffs object to this Request on the grounds that the phrase "paid under protest" is vague and ambiguous.  Subject to the foregoing objections, admitted.

Request for Admission No. 24:

     Please admit that neither BWAB nor Larson was a Delta creditor on August 31, 2012.

Response to Request for Admission No. 24:

     Denied.

Request for Admission No. 25:

     Please admit the authenticity of the 1994 BWAB ORRI, the 1999 BWAB ORRI, the 1999 Larson ORRI, and the 1999 NOI.

<u>Response to Request for Admission No. 25:</u>

        Admitted.

Dated:      April 10, 2013
           Wilmington, Delaware


                <u>*/s/ Anthony W. Clark*</u>
                Anthony W. Clark (I.D. No. 2051)
                Kristhy M. Peguero (I.D. No. 4903)
                Skadden, Arps, Slate, Meagher & Flom LLP
                One Rodney Square
                P.O. Box 636
                Wilmington, Delaware 19899-0636
                Telephone: (302) 651-3000
                Fax: (302) 651-3001

                - and -

                Ron E. Meisler
                Skadden, Arps, Slate, Meagher & Flom LLP
                155 N. Wacker Dr.
                Chicago, Illinois 60606
                Telephone: (312) 407-0700
                Fax: (312) 407-0411

                *Counsel for Plaintiffs Delta Petroleum General Recovery Trust*
                *and Par Petroleum Corporation*

## VERIFICATION

      I, R. Seth Bullock, Chief Financial Officer of Par Petroleum Corporation ("Par"), declare under penalty of perjury under the laws of the United States, that the foregoing responses and objections to the interrogatories contained in BWAB Limited Liability Company's First Set of Written Discovery Requests to Par Petroleum Corporation were prepared by and with the assistance of Par's advisors and with the assistance and advice of counsel.  I do not have first-hand knowledge of all the matters contained herein.  I have reviewed the foregoing responses and declare that they are true to the best of my present knowledge, information and belief.

Executed on April 10, 2013

                      R. Seth Bullock