IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
|  | : | Case No. 11-14006 (KJC) |
| DELTA PETROLEUM CORPORATION, | : |  |
| *et al.*,[1] | : | Jointly Administered |
| Debtors | : |  |
|  | : |  |
|  | : |  |
| DELTA PETROLEUM GENERAL | : | Adv. Proc. No. 12-50898 (KJC) |
| RECOVERY TRUST, | : | (Re: 34, 74) |
| and | : |  |
| PAR PETROLEUM CORPORATION, | : |  |
| Plaintiffs | : |  |
| v. | : |  |
| BWAB LIMITED LIABILITY | : |  |
| COMPANY, | : |  |
| Defendant | : |  |
|  | : |  |
| DELTA PETROLEUM GENERAL | : | Adv. Proc. No. 12-50877 (KJC) |
| RECOVERY TRUST, | : | (Re: D.I. 34, 74) |
| and | : |  |
| PAR PETROLEUM CORPORATION, | : |  |
| Plaintiffs | : |  |
| v. | : |  |
| ALERON LARSON, JR., | : |  |
| Defendant | : |  |
|  | : |  |

**<u>ORDER</u>**

AND NOW, this 2nd day of April, 2015, upon consideration of the Plaintiffs Motions for Summary Judgment in the above-referenced adversary proceedings (D.I. 34) and the Defendants' cross-motions for summary judgment (D.I. 74), and after oral argument, and for the reasons set

---

[1] The debtors in the jointly administered chapter 11 cases are Delta Petroleum Corporation; DPCA LLC; Delta Exploration Company, Inc.; Delta Pipeline, LLC; DLC, Inc.; CEC, Inc.; Castle Texas Production Limited Partnership; Amber Resources Company of Colorado; and Castle Exploration Company, Inc. (jointly, the "Debtors"). (*See* Main Case D.I.s 60, 181.)

forth in the foregoing Memorandum[2], it is hereby ORDERED that:

(i) <u>Avoidance and Recovery of the 1999 ORRIs</u> - The Plaintiffs' request for summary judgment on avoidance of the 1999 ORRIs is GRANTED because, assuming that the 1999 ORRIs are real property interests, the priority obligations based on those interests are avoidable pursuant to Bankruptcy Code § 544(a)(3);

(ii) <u>Enforcement of Plan Discharge</u> - The Plaintiffs' request for summary judgment on regarding discharge of the 1994 ORRI and the 1999 ORRIs as of the Plan's Effective Date, and vesting of the NOI in the Reorganized Debtors free and clear of 1994 ORRI and 1999 ORRIs, is DENIED, in part, as to the 1994 ORRI, and GRANTED, in part, as to the 1999 ORRIs;

(iii) <u>Unjust Enrichment and Clawback of Excess Payments and Post-Petition Payments</u> The Plaintiffs' request for summary judgment on claims to recover Excess Payments and Post-Petition Payments based on unjust enrichment is DENIED;

(iv) <u>Post-Petition State Law Fraudulent Transfers</u> - The Plaintiffs' request for summary judgment for recovery of Excess Payments and Post-Petition Payments under state fraudulent transfer law is DENIED;

(v) <u>Avoidance and Recovery of Post-petition Transfers under § 549</u> - The Plaintiffs' request for summary judgment on recovery of Post-Petition Payments under Bankruptcy Code § 549 is DENIED; and

---

[2] All capitalized terms not defined in this Order shall have the meanings set forth in the foregoing Memorandum.

    (vi)    <u>Turnover of Post-Petition Payments under § 542(a)</u> - The Plaintiffs' request for summary judgment for turnover of the Post-Petition Payments under § 542(a) is DENIED, without prejudice, pending further briefing on this issue.

The Plaintiffs did not seek summary judgment on Counts VII and IX in the BWAB Complaint.  BWAB's and Larson's cross-motions for summary judgment are GRANTED, in part, and DENIED, in part, consistent with the foregoing.

A status hearing will be held on **May 12, 2015** at **2:00 p.m. (ET)** in Bankruptcy Courtroom No. 5, 824 Market Street, Fifth Floor, Wilmington, Delaware, to schedule additional briefing and to consider further proceedings, including remaining pre-trial needs of the parties.

BY THE COURT:

_____
KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

cc:  Kristhy M. Peguero, Esquire[3]

---

[3] Counsel shall serve a copy of the Memorandum and Order upon all interested parties and file a Certificate of Service with the Court.